Chase, _ Juft ice.
 

 By the cafe ftated, only
 
 one
 
 queftion is fubmitted to the opinion of this court;—whether.the law of Congrefs, of the 5th of
 
 June,
 
 1794, entitled, “ An a& to lay
 
 duties
 
 upon carriages, for the conveyance of perfons,” is
 
 uncqnjlitutional and void?
 

 The principles laid down, to prove the above law
 
 void,
 
 are thefe : That a tax on
 
 carriages,
 
 is a
 
 direSt tax,
 
 and, therefore, bylhe conftitution, rnuftbe laid
 
 according to the cenfus,
 
 dirc-dft-
 
 *173
 
 e'd by the conftitution to be taken, to afcertain the number of Reprefentatives from each State : And that the tax in queftion, on carriages, is not laid by that rule of apportionment, but by the rule of uniformity, prefcribed by the conftitution, in the cafe of
 
 duties,
 
 impojls, and
 
 excifes
 
 ; and a tax on carriages, is not within either of thofe defcriptions-
 

 By the 2d. fedtion of the ift. article of the Conftitution, it is provided, that
 
 dire Ip taxes
 
 íKall be
 
 apportioned
 
 among the fe-veral States, according to their numbers, to be determined by the rule prefcribed.
 

 -By the 9th fedtion of the fame article, it is furthey provided, That no capitation, or
 
 other diredi
 
 tax, ihall be laid, unlefs in proportion to the
 
 cenfus,
 
 or enumeration, before directed.
 

 By the 8th feci ion of the fame article, it was declared, that Congrefs ihall have power .to .lay and collect
 
 taxes, duties, im-pojls,
 
 and
 
 excifes',
 
 but all
 
 duties, impojls,
 
 .and
 
 excifes,
 
 Ihall be
 
 uniform
 
 throughout the
 
 United States.
 

 As it was incumbent on the Plaintiff’s Council in Error,' fo they took great pains to prove, that the tax on carriages was a
 
 diredl
 
 úx; but they did
 
 not
 
 fatisfy my mind. I think, at leaft, it may be
 
 doubted',
 
 and if I only doubted, I ihould affirm the judgment of the Circuit Court. The deliberate decifion of the National Legiilature, (who did not confidera tax on car- ' riages a
 
 diredl
 
 tax, but thought it was within the defcription of a
 
 'duty)
 
 would determine me, if the cafe was
 
 doubtful,
 
 to receive the conftrudtion of the Legiilature : But I am inclined to think, that a tax on
 
 carriages
 
 is not- a
 
 diredi
 
 tax, within the letter, or
 
 meaning,
 
 of the Conftitution.
 

 The"great objedt" of the Conftitution Was, to give Congrefs a power to lay taxes, adequate to the exigencies of government; but they were to obferve
 
 two
 
 rules in itfipofing them, namely, the rule of uniforfnity, when they laid
 
 duties,
 
 impojls, or
 
 excifes;
 
 and the rule of
 
 apportionment,
 
 according to the
 
 cenfus,
 
 when they laid any
 
 diredi
 
 tax.
 

 If there are any
 
 other
 
 fpecies of taxes that are not
 
 diredl,
 
 and
 
 not
 
 included .within the words dutiesj
 
 impojls,
 
 or
 
 excifes,
 
 they maybe laid by the rule of
 
 uniformity,
 
 or not; as Congrefs ihal'l think proper and reafonable. If the framers, of the Conftitution did not contemplate
 
 other
 
 taxes than
 
 diredl
 
 taxes, and
 
 duties, impojls,
 
 and
 
 excifes,
 
 there "is great inaccuracy in their language.—If
 
 thefcfour
 
 fpecies of taxes were
 
 all
 
 that were meditated, the general power to lay
 
 taxes
 
 was unneceffary. If it was intended, that Congrefs ihould have authority to lay only
 
 one
 
 of the
 
 four
 
 above enumerated, to wit,
 
 diredl
 
 taxes, by the rule of
 
 apportionment,
 
 and the other-
 
 three
 
 by the rule of
 
 uniformity,
 
 the expreifions would have run thus : “ Congrefs ihall have power to lay and collect
 
 diredi
 
 taxes, and
 
 duties, im
 
 
 *174
 

 p°fth
 
 and
 
 excifes
 
 j the
 
 firji
 
 ihall be laid according to the
 
 cen-fus
 
 j and the
 
 three left
 
 ihall be
 
 uniform
 
 throughout the
 
 United'
 
 States.” The power, in the 8th ietSion of the ift article, to la y and colledt
 
 taxes,
 
 included a power to lay
 
 direEi
 
 taxes, (whether
 
 capitation,
 
 or any other) and alfo duties,'
 
 impojls,
 
 and excifes; and every other fpecies or kind, of tax whatfoever, and called by any other
 
 name.
 
 Duties,
 
 impofis,
 
 and
 
 excifes,
 
 were enumerated, after the general term
 
 taxes,
 
 only for the purpofe of declaring, that
 
 they
 
 were to be laid by the rule of
 
 uniformity.
 
 I coniider the Conilitution to Hand in this manner. A general power is given to Congrefs, to lay and colledt taxes,
 
 of every kind or
 
 nature, without any reftraint, except only on
 
 exports-,
 
 but
 
 two
 
 rules are prefcribed for their government, namely,
 
 uniformity
 
 and
 
 apportionment
 
 : Three kinds of
 
 taxes,
 
 to wit, duties, impofts, and excifes by the firil rule, and
 
 capitation,
 
 or
 
 other direct
 
 taxes, by the fecond rule.
 

 I believe
 
 fame
 
 taxes may be both
 
 direEi
 
 and
 
 indireEi
 
 at the'
 
 fame
 
 time. If fo, would Congrefs be prohibited from laying
 
 ing fuch
 
 a tax, becaufe it is
 
 partly
 
 a
 
 direEi
 
 tax ?
 

 The Conilitution evidently contemplated
 
 no taxes
 
 as
 
 direEi
 
 taxes, but only
 
 fuch
 
 as Congrefs could lay in
 
 proportion to the cenfus.
 
 The rule of
 
 apportionment
 
 is only to be adopted in
 
 fuch
 
 cafes where it can
 
 reafonahly
 
 apply ; and the
 
 fukjeEi
 
 taxed, mull ever determine the application of the rule.
 
 e
 

 If it is propofed to tax any
 
 fpecific article
 
 by the rule of
 
 appor tionment,
 
 and it would evidently create great inequality and in-juilice, it is unreafonable to fay, that the Conilitution intended
 
 fuch
 
 tax ihould be laid by
 
 that rule.
 

 It appears to me, that a tax
 
 on carriages
 
 cannot be laid by the rule of
 
 apportionment,
 
 without very great inequality and injuf-tice. For example: Suppofe two States, equal in cenfus, to pays 80,000 dollars each, by a tax
 
 on carriages,
 
 of 8 dollars on every carriage
 
 -,
 
 and In- one State there are 100 carriages, and in the other 1000. The 'owners of carriages in one State, would pay
 
 ten times
 
 the tax of owners in the other. A. in one State, would pay for his carriage 8 dollars, but B. in the other ilate, would pay for his carriage, 80 dollars.
 

 It was argued, that a tax on
 
 carriages
 
 was a
 
 direEi
 
 tax, and might be laid according to the rule of
 
 apportionment,
 
 and (as. I underilood) in this manner : Congrefs, after determining on the
 
 grofs
 
 fum to be railed was to
 
 apportion
 
 it, according to the
 
 cenfus,
 
 and then lay it in one State on carriages, in another on
 
 harfes,
 
 in a third on
 
 tobacco,
 
 in a fourth on
 
 rice;
 
 and fo on.—• I admit that this mode might be adopted, to raife a
 
 certain
 
 fum in each State, according to
 
 the cenfus,
 
 but it would not be a tax on
 
 carriages,
 
 but on a number of
 
 fpecific
 
 articles ; and it' feems to me, that .it would be liable to the fame objection of
 
 *175
 
 abufe and oppreffion, as a feleftion of any
 
 one
 
 article in
 
 all
 
 the States*
 

 I think, an annual tax on carriages for the
 
 conveyance
 
 of perfons, may be confidered as within the power granted to Congrefs to lay
 
 duties.
 
 The term
 
 duty,
 
 is the moil compre-henfive next to the
 
 generical
 
 term tax; and
 
 practically
 
 in
 
 Great Britain,
 
 (whence we take our general ideas of
 
 taxes,
 
 duties,
 
 impojls,
 
 excifes,• cuftoms, &V.) embraces taxes on itamps, tolls for paffage, &c. &c. and is not confined to taxes on
 
 importation only.
 

 It feems tome, that a tax on
 
 expence
 
 is an
 
 indirect
 
 tax ; and I think, an
 
 annual
 
 tax on a carriage for the conveyance of per-fons, is of
 
 that
 
 kind; becaufe a carriage is a
 
 confumeahle commodity,
 
 and fuch
 
 annual
 
 tax on it, is on the
 
 expence
 
 of the
 
 owner.
 
 . '
 

 1 am inclined to think, but of this I do not give a judicial opinion, that the
 
 dircd
 
 taxes contemplated by the Conftitution, are only
 
 tivo,
 
 to wit, a capitation, or
 
 pell
 
 tax, jimply, without regard to
 
 property, profejf on,
 
 or any
 
 other c{rcumjiance\
 
 anda tax on LAND.'—I doubt whether a tax, by a
 
 general af-fejfment of perfonal
 
 property, within the
 
 United States,
 
 is included within the term
 
 direct
 
 tax.
 

 As I do not think the tax on carriages is a
 
 dire Cl
 
 tax, it is - unneceflary,
 
 at this time,
 
 for me to determine, whether this court,,
 
 conjlitutipnally
 
 poflefies the power to declare an aft of Congrefs
 
 void,
 
 on the ground
 
 oí
 
 its being made contrary to, and in violation of, the Conílitution; but if the court have fuch power, I am free to declare, that I will never exercife it,
 
 hut in a very clear cafe.
 

 I am for affirming the judgment of the Circuit Court.
 

 Paterson, Jvflice.
 

 By the fecond feftion of the firft article of the Conílitution of the
 
 United States,
 
 it is ordained, that reprefentatives and direft taxes ihall be apportioned among ■the ilates, according to their refpeftive numbers, which ihall. be determined by adding to the whole number of free perfons, including thofe bound to fervice for a term of years, and including,Indians not taxed, three fifths of all other perfons.
 

 The eighth feftion of the faid article, .declares, that Con-grefs ihall have power to lay and colleft taxes, duties, impoits, •and excifes -, but all duties, impoits and excifes, ihall be uniform throughout the
 
 United States.
 

 The ninth feftion of the fame article provides, that no capitation or other direft tax ihall be Jajd, unlefs in proportion to the cenfus or enumeration before direfted to be taken.
 

 Congrefs palled a law on the 5th of
 
 June,
 
 1^94.,entitled- “ An K aft laying duties upon carriages for the conveyance of per- “ fons.-’
 

 
 *176
 

 Daniel Lawrence
 
 Hilton, on th.e 5th of
 
 June,
 
 1794, and therefrom to the laft day of
 
 September
 
 next following, owned, pof-feffed, and kept one hundred and twenty-five chariots for the ' conveyance of perfons, b.ut exclufively for his own feparate ufe, and not to let out to hire, or for the conveyance of perfons for hire.
 

 The queftion is, whether a tax upon carriages be a diredt tax? If it be a diredt tax, it is unconftitutional, becaufe it has been laid purfuant to the„ruleof uniformity, and not to the rule • of apportionment. In behalf of the Plaintiff in error, it has been urged, that a tax on carriages does not come within the defeiption of á duty, impoft, or excife, and therefore is a direct tax. It has, on the other hand, been contended, that as a tax on .carriages is not a diredt tax ; it muft fall within one of the claffifications juft enumerated, and particularly muft be a duty or excife. The argument on both lides turns in a circle; it is not a duty, impoft, or excife, and therefore muft be a diredt tax; it is not tax, and therefore muft 'be a duty or excife. What is the natural and common, or technical and appropriate, meaning of the words, duty and. excife, it is not eafy to afeertaitj. They prefent no clear and precife idea to the mind. Different perfons will annex different figniiications to the terms. It was, however, obviouflv the intention of the framers of the Confti-tution, that Congrefs ihould poffefs full power over every fpecies of taxable property, except exports. The term taxes, is genérica!, and was made ufe of to veft in Congrefs plenary authority in all cafes of taxation. The general divifion of taxes is into diredt and indirect. Although the latter term is not to be found in the Conftitution, yet the former neceffarily implies it. Indiredt {lands oppoied to diredt. There may, perhaps, be an indiredt tax on a particular article, that cannot be comprehended within the description of duties, or impoits, or excifes; in fuch cafe it will be comprifed under the general denomination of taxes. For the term tax is the genus, and includes,
 

 x.
 
 Diredt- taxes.
 

 2. Duties, impofts, and -excifes.
 

 3. All other claffes of an indiredt kind, and not-within any-of the claffifications enumerated under the preceding heads.
 

 The queftion occurs, how is fuch tax to be laid, uniformly or apportionately ? The rule of uniformity will apply, becaufe it is' an indiredt tax, and diredt taxes only .are to be apportioned. -What are diredt taxes within the meaning of th'e,Confti-> tution ? The Conftitution declares, that a capitation tax is a diredt tax ; and, both in theory and practice, a tax on land is deemed to be a diredt tax. In this way, the terms diredt taxes, and capitation and other diredt tax, are fatisfied. It is not ne~
 
 *177
 
 ciliary to determine, whether ⅜ tax on the product of land be a direét of indirect tax. Perhaps, the immediate produdt of land, in its original and crude ftate, ought to be confidered as the land itfelf; it makes part of it; or die the proviiion made againft taxing exports would be eafily eluded. Land, independently of its produce, is of no value. When the produce is converted into a manufacture, it affumes a newfhaps; it.s nature is altefed ; its original ftate is changed; it becomes quit# another fubjeét, and will be differently confidered. Whether direét taxes, in the fenfe of the Conftitutiori, comprehend any other tax than a capitation tax, and tax on land, is a queftionable point. If Congrefs, for inftance, ihould .tax, in the aggregate or mafs, things that generally pervade all the ftates in the Union, then, perhaps, the rule of apportionment would be the moft proper, efpecially if an affeffment was to intervene. This appears by the praitice of forne of the ftates, to have been' confidered as a direét tax. Whether- it be fo unT der the Conftitution of .the
 
 United
 
 States, is a matter of fome difficulty; but-as it is not before the court, it would be improper to give any decifive opinion upon it. I never entertained a doubt, that the principal, 1 v/ill not fay, the only, objeéls,. that the' framers of the Conftitution contemplated as falling within the rule of apportionment, were a capitation tax and a tax on land. Local confiderations, and the particular circum-ftances, and relative fituation of the ftates, naturally lead to this view of the fubjeél. The proviiion was made in favor of thedouthern States. They poffefíed a'large number of Haves; they had extenfive traéis of territory, thinly fettled, and not ve'ry próduélive. A majority of the ftates bad but few Haves, and feveral of- them a limited territory, well fettled, and in a high ftate of cultivation. The fouthern ftates, if no provifion had been introduced in the Conftitution, would have been wholly at the mercy of the other ftates. Congrefs in fuch cafe, might tax Haves, át diferetion or arbitrarily, and land in every part of the Union after the fame rate or meafure: fo much a head in’ the firft inftance, and fo much an acre in the fecond. To guard them againft impofition in thefe particulars, was the reafon of introducing the claufe in the Conftitution, which diréis-that reprefentatives and direél taxes íhall be ap portioned among the ftates, according to their refpeélive numbers.
 

 On the part of the Plaintiff in error, it has been contended, ■that the rule of apportionment is to be favored rather than the rule of uniformity; and, of courfe, that the inftrument is to receive fuch a conftruétion, as will extend the former and re-ftriél the latter. I am not of that opinion. The Conftitutiori has been confidered as an accommodating fyftem; it was the
 
 *178
 
 effedl of mutual facrifices arid conceftions; it was the work of compromife. The rule of apportionment is of this nature; it is radically wrong; it cannot be fupported by any fclid reafohing. Why. íhould llaves, who are a fpecies of property, be reprefented more than any other property ? The rule, therefore, ought not to be extended.by conftrudlion.
 

 Again, numbers do not afford a juft eftimate or rule of wealth. . It is, indeed, a very uncertain and incompetent fign of opulence. There is another reafon agáinft the ex-teniion of the principle laid down in the Conftitution.
 

 The counfel on the part of the Plaintiff in error, have further urged, that an equal participation of the expenfe or burden by the feveral ftates in the Union, was the primary objedt,. which the framers of the- Conftitution had in view; and that this objedt will -be effedted by the principle of apportion-, ment, which is an operation upon ftates, and not on individuals ; for, each ftate will -be debited for the amount of its quota of the tax, and credited for its payments. This brings it to the old fyftem of requifitions. - An equal ruléis doubt-lefs the 'belt. But how is this to be applied to ftates or ts individuals? The latter are the objedts-of taxation, without reference to ftates,' except in the cafe of diredt taxes. - The fifcal power is exerted certainly, equally, and effedtually on individuals ; it.cannot be exerted on ftates. Theftfiftory of the
 
 United
 
 Netherlands, and of our own country, will evince the truth of this poiition. The government of the
 
 United States
 
 could not go bn under the confederation, becaufc Congrefs were obliged to proceed in the line of requifition. Congrefs could not, under the old confederation, raife money by taxes, be the public exigencies ever fo prefiing'and great. They had no coercive, authority—if they had, it muft have been ex-ercifsd againft the delinquent ftates, which would be ineffedlual, or terminate in a reparation. Requifitions were a dead letter,-unlefs the ftate legiilatures could be brought into adtion ; and when they were, the films railed were very difproportional. Unequal contributions or payments engendered difeontent,- and fomented ftate-jealoufy. Whenever it ihall be thought ne-ceftary or expedient, to lay a diredt tax on land, where the ob~ jedt.is one and the fame, it is tobe apprehended, thatit will be a- fund not much moré produdtive than that of requifition under the farmer government. Let us put the cafe. A given fum'is to-be rai fed from the landed property in the
 
 United :J>tates.
 
 • It it eafy to apportion this fum, or to aftign to each-ftate i,ts quota. .The Conftitution gives the rule. Suppofe the proportion of
 
 North Carolina to
 
 be eighty thoufand dollars! This fum is to be laid on the landed property in the -ftate, but by what rule, at)d by whom ?• Shall every aeré 'pay
 
 *179
 
 the fame fum, without regard to its quality, value, fituation, or produdtivenefs ? This Would be manifeftly unjuft.. Do the laws of the different ftates-furnifh fufficient data for the purpofe of forming one common rule,-comprehending the quality,'fitu-ation, and value of the lands ? In fome of the flap s there has . been no land tax for feveral years, and where there has been, the mode of laying the tax is fo various, and-the diverfity in the land is fo great, that no common principle can be deduced, and carried into practice. Do the laws of each ftate furni/h data, from whence to extraét a rule, whofe operation ihall be equal and-, certain in the fame ftate ? Even this is doubtful. Befides, fub-divifions will be neceffary; the apportionment of the ftate, and perhaps of a particular part of the ftate, is again to be apportioned among counties, townfliip3, pariihes, or diftridts. If the lands be claffed, then a fpecific value muft be annexed to each clafs. , And there a queftion arifes, how 0lifer* are claflifications and affeffments to be made ? Annually, -triennially, feptennially ? The oftener they are made, the greater will be the expenfe; and the feldomer they are made,'the greater will be the inequality, and injuftice. In the procefs .of the operation a number of perfons will be neceffary to clafs," to valué, and affefs the land ; and after all the guards and provj-fions that can b¿ devifed, we muft ultimately rely upon the difcretion of the officers in the exercife of their functions, Tribunals of appeal muft alfa.be i.nftituted to hear and decide upon unjuft valuations, ór the affeffors will a<ft
 
 ad. libitum
 
 with-, out check of control.- The work, it is-to be feared, will be pperofe and unproductive, .and full of inequality, injuftice, and. oppreffion. Eet us, however, hope, that'a fyftem . of land taxation may be fo corrected and matured by practice, as to be-. •come eafy and equal in its operation, and productive and beneficial in its effedts. But to return. "A fax on carriages, if , apportioned, would be oppreffive and pernicious. How would it work ? In fome ftates there are many carriages, and in others ■ but few. Shall the whole fum fall oñ one or two individuals in a -ftate, who may happen toown and pofféfs carriages ? The thing would be abfurd, and inequitable.- In anfwer to this objection, it has beerf obferved, that the fum, and "not the tax, is to be apportioned; and that Congrefs may feledt in the different ftates-differentarticles or objects from whence,tq rgife the apportioned fum. The idea is noveb What, ihall land .be taxed in one ftate, flaves in anothef, carriages in a third, and hoirfes in a fourth; or ihall feveral of thefe be thrown together, in order to levy and make the quotaed fum ? The fcheme is fanciful. It would not work -well, and perhaps is utterly-impracticable..- It is eafy to difcern, that great,"-and perhaps infurmountable, obftaqlesmuft afife ⅛ forming the fub-
 
 *180
 
 ordinate arrangements neccffary to carry the fyftem into effe<S 3 when formed, the operation would be flow and expenfive, unequal and unjuft. If a tax upon land, where' the objedt is Ample and uniform throughout the ftates, is fcarccly practicable, what {hall we fay of a tax attempted - to be 'apportioned among, and railed and colleáted from, a number of diffimilar-objedts. The difficulty will i'ncreale with the .number and variety of the things propofed for taxation. We ihall be'obliged to refort to intricate and endlefs valuations and affeflments, in which every thing will be arbitrary, and nothing' certain. There will be no rule to. walk by. The rule of uniformity, on the contrary, implies certainty, and leaves nothing to the will and picafure. of the affeffor. In fuch cafe, the objetft and the fum coincide, the rule and the thing unite, and of courfe there can be no impofition. ' The truth is, that the articles taxed in one ftate fitould be taxed in another ; in. this way the fpirit ofjealoufy is .appcafed, and tranquillity preferved ; in this way the preilure on induftry will be equal in the feveral ftates, and the relation between the different fubjecSs of taxation duly preferved. Apportionment is an operation on ftates, and involves valuations and affeflments, which are arbitrary, and fhould not be reforted to but in cafe of neceffity, Uniformity is an inftant operatjoi on individuals, without the intervention of afieffments, or any regard to ftates, and is at once eafy,' certain, and efficacious. All taxes on expences or confumption are indirect taxes. A tax on carriages.is of .this kind, and of courfe is not a direct tax. Indirect taxes are circuitous modes of .reaching the revenue of individuals, who generally live according tp their income. In many cafes of this nature the individual may be {aid to tax himfelf. I {hall clofe the difeourfe with reading a paffage or two from
 
 Smith’s Wealth of Nations.
 
 . -
 

 “ The impoflibiliry of taxing people in proportion to their “ revenue, by any capitation, feems to have given eccaflon to “ the invention of faxes upon confumable commodities; the ftate not knowing how to tax diredtly and proportionably the K revenue of its fubjedfs, endeavours to tax it indiredtly by tax- ‘‘ ing their expence, which it is fuppofed in moft cafes will be “ neai-ly in proportion to their revenue. Their expence is tax-P ed by taxing the confumable commoditities upon which it is P laid out. 3
 
 Fol. page
 
 331. .
 

 ■ “ Confumable commodities,- whether neceffaries or luxuries, P may be taxed in two different ways; theconfumer may either P pay an annual fum on account of his ufing or confuming ‘f goods of-, a certain' kind, or the goods may be taxed while P they remain in the hands of the dealer, and before they are {f delivered to the confumer. The confutnable goods, which
 
 *181
 
 “ laft a confiderable time before they are confirmed altogether, “ are moft properly taxed in the one way; thofe of which the “ confumption is immediate, or more fpeedy, in the other: the “ coach tax and plate tax are examples of the former method of “ impcfmg; the greater part of the other duties of excife and “ cuftoms of the latter.” 3
 
 Vol. page
 
 341.
 

 I am, therefore, of opinion, that the judgment rendered in the Circuit Court of
 
 Virginia
 
 ought to be affirmed.
 

 Iredell. Jujlice.
 

 —1 agree in opinion with my brothers, who have already exprefted (heirs, that the tax in queftion, .is agreeable to the Conftiíution ; and the reaions which have íatisfied me, can be delivered in a very few words, iince'I think the Gonftitution itfelf affords a clear guide to decide the contro-verfy.
 

 The Congreft poiTefs the power of taxing all
 
 taxable objects,
 
 without limitation, with the particular exception of a duty on exports.
 

 Thereare two reftridtions only on the exercife'of this authority:
 

 1. All direct-taxes muft be apportioned.
 

 2.. All duties, impofts, and excifes muft be uniform. If the carriage tax be a diredt tax, within the meaning of the Conftitution, it muft be
 
 apportioned.
 

 If it be a duty, impoft, or excife, within the meaning of the Conftitution, it muft be
 
 uniform.
 

 If it can be conftdered as a tax, neither diredt within the meaning of the Conftitution, nor comprehended within' the term
 
 duty, impoji or excife
 
 ; there is no provifion in the Confti-tution, one way or another, and then it muft be left to fuch an operation of the power, as if the authority to lay taxes had been given generally in all inftances, without faying whether they fhould be apportioned or uniform; and in that cafe, I ihould preiume, the tax' ought tobe uniform; becaufe the prefent Conftitution was particularly intended to affect individuals, and not ftates, except in particular cafes fpecified : And this is the leading diftindtion between the articles of Confederation and the prefent Conftitution.
 

 As all diredt taxes muft be apportioned, it is evident that the Conftitution contemplated none as diredt but fuch
 
 as could be apportioned.
 

 If this cannot be apportioned,. it is, therefore, not.a
 
 diredt
 
 tax in the fenfe of the Conftitution.
 

 That tins tax cannot be apportioned is evident. Sunpofe 10 dollars contemplated as a tax on each chariot, or poft chaife, in the
 
 United
 
 States, and the number of both in all the
 
 United States
 
 be computed at 105, the number of Representatives in Congrcls."
 

 
 *182
 
 This would produce in the whole - 1050 The'fhare of
 
 Virginia
 
 being 19-105 parts, would be
 
 Dollars
 
 190
 

 The fhare of
 
 Connecticut
 
 being 7-105 parts, would be - - 70
 

 Then fuppofe
 
 Virginia
 
 had 50 carriages,.
 
 Connecticut -
 
 . •- 2.
 

 The fhare of
 
 Virginia
 
 being 190 dollars, this muft of cóurfe be collected from the owners of carriages, and there would therefore beCollecfted from each carriage - -■ - 3 8©
 

 The fhare of
 
 Connecticut
 
 being 70 dollarsj each carriage would pay ' - . - - 35
 

 If any' ftate had no carriages, there could be no apportionment at ail. This mode is too manifeftly abfurd to be fupport-ed, and has not even been attempted in debate.
 

 But two expedients have been propofed of a very extraordinary nature, to evade the difficulty.
 

 ,1, To raile the money a tax on carriages' would produce, not by laying a tax On each carriage uniformly, • but by felecft-ing different articles in different' ftates, fo that the amount paid in each ftate may. be equal to the fum due upon a principle of apportionment. One ftate might pay by a tax on carriages, another by a tax on flaves, &c.
 

 I fhould have thought this merely an exercife of ingenuity, if it had not been preffed with fome earneftnefs; ánd as this was done by gentlemen of high refpecftability in.theirprofeilion, it deíerves a ferious anfwer, though it is very difficult to giye fuch a one.
 

 1. This is not an apportionment, of a tax- on
 
 Carriages,
 
 but of the money a tax on carriages might be fuppofed to produce, which is quite a different thing.
 

 2. It admits that Congrefs cannot lay an uniform tax on all carriages in the Union', in any mode, but that they may on carriages in one or more ftates. They may therefore lay a tax on carriages in i/j. ftates, but not in the 15th.
 

 3. If Congrefs, according to this new' dccreéj may felecft carriages as a proper objecft, in one or moreftates, but omit them in others, 1 prefüme they may omit them in all and felecft.other articles.
 

 Suppofe, then, a tax on carriages would produce 100,000
 

 And a tax on horfes a like fum - - 100,000
 

 and a hu'ndred th’oufand dollars were to be apportioned according to that nrode. Gentlemen might amufe themfelveS with calling this- á tax on
 
 carriages,
 
 or a tax on
 
 horfes,
 
 while not a,
 
 *183
 
 ñngle carriage, nor a Jingle horfe, was' taxed throughout the Union. •
 

 4. Such an arbitrary method of taxing different ftates differently, is a fuggeftion altogether new, and would lead, if prac-tifed, to fuch dangerous confequences, that it will require very powerful arguments to fbew, that that method of taxing would be in any manner compatible with the Conftitution, with which at prefent I deem it utterly irreconcilable, it being altogether deftrudfcive of the notion of a common intereft, upon which the very principles of the Conftitution are founded, fo far as the condition of the
 
 United States
 
 will admit.
 

 The fecond expedient propofed, was, that of taxing carriages, among other things, in a general aiTeiTment. This amounts, to faying, that Congrefs may lay a tax oh carriages, but that they may not do it unlefs they blend it with other fub-jedts of taxation. For this, no reafon or. .authority has been given, and in addition to other fuggeftions offered by the Counfel on that fide, affords an irrefragable proof, that when pofitions plainly fo untenable, are offered to counteradt the principle contended for by the oppoftte counfel, the principle itfelf is a right one ; for, no one can doubt, that if betffcr rea-fons could have been offered, they would not have efcaped the fagacity and learning of the gentlemen who offered them:
 

 There is no nece/lity, or propriety, in determining what i.s-©r is not, a diredl, or insircdi, tax in all cafes.
 

 Some-difficulties may occur which we do not at prefent fore-fee. Perhaps a diredt tax in the fenfe of the Conftitution, can mean nothing but a tax on fomething infeparably annexed to the foil’: Something capable of apportionment under all fuch circumftances. "
 

 A land or a poll tax may be confidered of this defcription.
 

 The latter is to be Confidered fo particularly, under the pre-fent Conftitution, on account of the llaves in the fouthern ftates, who’give a
 
 ratio
 
 in the reprefentation in the propor- ’ tion of 3 to 5.
 

 Either of thefe is capable of apportionment.
 

 •In regard to other articles, there may poffibly be confitdera-ble doubt. ' -
 

 It is fufficient, on the prefent occafion, for the court’to be fatisfied, that this is not a diredi tax contemplated by the Con-ftitution, in order to affirm the prefent judgment;1 fince, if it cannot.be. apportioned, it muft neceffarily be uniform.
 

 I ain clearly of opinion, this is not a dirédi tax in the fenfe • of the Conftitution, and, therefore, that the judgment ought to be affirmed.
 

 Wilson,
 
 JuJfice.
 
 As there were' only four Judges, in- . «luding myfelf, who attended the argument of this caufe, I
 
 *184
 
 fhould have thought it proper to join.in the deciiion, though I had before expreffed a judicial opinion on the fubjedt, in the Circuit Court of Virginia, 'did not the unanimity of .the other three Judges, relieve me from the neceffity. I ihall now, however, only add, that my fentiments, in favor of the conftitu-tionality of the tax in queftion, have not been changed.
 

 Cushing,
 
 JuJüce.
 

 As I have been prevented, by indif-pofition, from attending to the argument, it would be’improper to give an opinion on the merits of the caufe. '
 

 By the CouRT. .
 

 Let the judgment of the Circuit Court be affirmed.