HATTIESBURG GROCERY CO. *v.* ROBERTSON, State Revenue Agent.

[89 South. 369. In Banc.   No. 21739.]

PER CURIAM.   Suggestion of error overruled.

SYKES, J. (dissenting).

When we held this income tax law constitutional as being an excise and not a property tax, I had serious doubts as to the correctness of this holding, but at that time those doubts did not arise to a degree of certainty which impelled me to dissent.   Upon a re-examination of the authorities and a careful anaylsis of our opinion I have come to the conclusion that we erred, and that the suggestion of error should be sustained.

In my judgment this is a property tax, and as such is violative of section 112 of the Constitution.   It is a property tax, because it taxes incomes derived or received from property, real, personal, and mixed; and the unconstitutional tax on property cannot be separated from the tax derived from incomes, professions, callings, and vocations. In the opinion in this case it is said that:

"No definition of income can be framed under which it can be dissociated from the activities of the person who produced or received it, so that a tax on income necessarily includes among its elements the production or receipt of property, . . . and to that extent is a tax on the performance of an act resulting in gain to the person performing it, and the rule is, . . . that when the tax is im-

posed on the performance of an act, it will not be classified as a tax on property, although it is proportioned in amounts to the value of the property used in connection with or produced by the act which is taxed." 88 So. 5.

In my judgment this conclusion of the court is contrary to previous decisions of this court. In the case of *Thompson, Auditor* v. *Kreutzer*, 112 Miss. 165; 72 So. 891, it was held that chapter 112, Laws of 1912, which provided for an annual privilege tax, or occupation fee of twenty cents an acre upon each person, etc., pursuing the business of buying, owning, or holding more than one thousand acres of timber lands was a property tax, and therefore violative of section 112 of the Constitution. In that opinion it is stated that:

"Ownership is not a privilege conferred by government, but is one of the rights which governments were organized to protect. . . . In a strict legal sence 'property' . . . is synonymous with the 'right of ownership' and means one's exclusive right of possessing, enjoying, and disposing of a thing. . . .

"Property may also be, and in the section of the Constitution here under consideration is, used to signify 'things owned.' In order that a thing may be owed, some one must, of course, have a right to the ownership thereof. A tax on a thing is a tax on all its essential attributes; and a tax on an essential attribute of a thing is a tax on the thing itself. So that, a tax on a thing owned is necessarily a tax on the right of ownership thereof; and a tax on the right of ownership of a thing is necessarily a tax on the thing itself. No definition of property can be framed which does not include the right of ownership. Consequently, no tax can be imposed on the right of ownership which is not also a tax on property."

As I construe this case it means that by virtue of the ownership of property one has the right of possessing, enjoying, and using this property in every lawful manner in which he sees proper, and that as a necessary incident to the ownership of this property he has the right to rent,

lease, or cultivate the property, if it be land, and that all of these rights are mere incidents of ownership, and that necessarily a tax on the income received from this property is a tax on its user, and therefore a tax on the property itself. It is in reality a tax on the ownership of the property because by virtue of this ownership certain acts are necessarily required of the owner. Necessarily he has to pay taxes or lose his property and a provident owner necessarily wishes to use this property either for himself for his personal enjoyment or in order to derive some income therefrom. The provident owner, the good citizen, necessarily wants to make his property productive and wherever property is providently used some income is necessarily derived therefrom, and the right to receive this income is but an incident of the ownership of the property. A tax upon this right is indirectly a burden and a tax upon the property itself. Aside from the ownership of homes, nearly all of the property owned is owned for the purpose of deriving a revenue therefrom. If the owner of property were inactive, the property would be a mere barren waste, and its ownership would be detrimental to the state. All provident ownership of property in my judgment necessarily contemplates the exercise of activity by virtue of this ownership.

The same doctrine enunciated in the *Kreutzer Case* was reiterated in that of *Thompson, Auditor, v. McLeod,* 112 Miss. 383, 73 So. 193, wherein it was held that chapter 110 of the Laws of 1912, which provided for a privilege tax upon all persons  .  .  .  pursuing the business of extracting turpentine from standing trees was a property tax. In the opinion in that case it is stated that:

"The privilege, if any, which is taxed, is the privilege or right of the owner or lessee of pine trees to 'extract turpentine from standing trees.' "

In other words, the privilege tax in this case was the activity of the person in extracting turpentine from standing trees. The privilege tax in the instant case is the mere, if I may use the expression, inactive activity of the person to receive his rents or profits from his real or personal prop-

42

erty. Certainly the activity of applying an ax to a pine tree is much greater than the mere passive receptivity of one in receiving the rents, issues, and profits from his property. And the court in the McLeod Case says:

"It requires no refinement to observe at once that this is an additional burden of taxation operating, not indirectly, but directly, upon complainant's property."

It will be noted that the opinion in the McLeod Case refers to the *Pollock Case,* 157 U. S. 558, 15 Sup. Ct. 673, 39 L. Ed. 759, and the *Hylton Case,* 3 U. S. (3 Dall.) 171, 1 L. Ed. 556. In the case of *Railroad Co.* v. *Robertson, Revenue Agent,* 122 Miss. 417, 84 So. 449, the court refers with approval to the Kreutzer and McLeod Cases.

From a careful consideration of the opinions of this court in the three above-named cases I am satisfied that the opinion in this case is contrary to the reasoning in those cases and in direct conflict with them.

Coming now to a consideration of the decisions of other courts: The following quotation from the case of *Pollock* v. *Trust Co.,* 157 U. S. 558, 15 Sup. Ct. 680, 39 L. Ed. 811, is made in the opinion in the McLeod Case:

" 'A tax upon property holders in respect of their estates, whether real or personal or of the income yielded by such estates, and the payment of which cannot be avoided, are direct taxes,' and 'an annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax on the real estate, which would be paid out of the rent or income. This law taxes the income received from land and the growth or produce of the land. Mr. Justice PATTERSON observed in *Hylton* v. *United States,* 3 U. S. 171, 1 L. Ed. 556, "Land, independently of its produce, is of no value." ' In the language of the distinguished Coke: 'What is land but the profits thereof?' "

If land is the profit thereof, then a tax on this income of profit necessarily is a tax on land. The Pollock Cases hold that a tax received as income from property is a property tax because the burden placed upon the income by a tax, looking through form to substance, is a burden placed upon

the property itself from which the income is derived and is therefore a property tax.

The *Brushaber Case*, 240 U. S. 1, 36 Sup. Ct. 236, 60 L. Ed. 500, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414, quotes with approval from the Pollock Case, and reaffirms the doctrine therein announced.

The latter case of *Eisner* v. *Macomber*, 252 U. S. 205, 40 Sup. Ct. 192, 64 L. Ed. 528, 9 A. L. R. 1570, in referring to the Pollock Case, says:

In income tax cases "it was held that taxes upon rents and profits of real estate and upon returns from investments of personal property were in effect direct taxes upon the property from which such income arose, imposed by reason of ownership."

In the *Opinion of the Justices*, 220 Mass. 613, 108 N. E. 570, it is held that: "A tax upon the income of property is in reality a tax upon the property itself."

To the same effect is the very learned and elaborate opinion of the supreme court of Alabama in the case of *Eliasberg Bros.* v. *Grimes*, 204 Ala. 492, 86 So. 56, 11 A. L. R. 300.

In fact our attention has only been called to the decisions of two courts which hold to a contrary opinion, namely, those of Georgia and Missouri. These cases are reviewed and criticized in the Alabama opinion, *supra*. In fact from a later opinion of the supreme court of Missouri it seems that that court doubts very much the wisdom of its former holdings. In the case of *State* v. *Koeln*, 278 Mo. 28, 211 S. W. 31, in the concurring opinion of Justice GRAVES, he states:

"The idea that an 'income tax' is, in fact and law, a tax on property, and therefore violative of our Constitution, rises before us as Banquo's ghost."

I would like for this ghost to be confined to the territorial limits of Missouri, but from the opinion of my Brethren his territorial jurisdiction has now been enlarged to include Mississippi.

In conclusion I wish to say that under the above decisions the owner of property, as an incident of his ownership, has the undoubted right to receive the income from this property. That the mere reception of this income is not engaging in any trade, occupation, or calling and that a tax upon this right is a tax upon the property itself, and therefore is a property tax, and is violative of section 112 of the Constitution. In my judgment the suggestion of error should be sustained, and the law declared unconstitutional.

, ANDERSON, J., joins me in the dissenting views herein expressed.