**UNITED STATES v. KOLLER et al.**

(District Court, W. D. Washington, S. D. March 25, 1921.)

No. 3265.

1. **Internal revenue ⬤⟲6—Rental of personal property is not subject to excise tax; "direct tax."**

A tax on the rental or charge for use of personal property is a "direct tax," within Const. art. 1, §§ 2, 9, which have been changed by the Sixteenth Amendment only in so far as to permit the income to be taxed without apportionment, and therefore such rents or charges are not subject to an excise tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Direct Tax.]

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Internal revenue ⚙═6—Skating ticket required for admission to roller skating floor held not rental for skates; "charge for admission;" "charge for rent of personal property."**

A charge made by the proprietors of a roller skating rink for a skating ticket, required of those who had already paid for admission to the building before they would be permitted on the skating floor, regardless of whether they used their own skates or not, is a "charge for admission" to a place, taxable under Revenue Act 1918, § 800, subd. (a), par. 1, and subdivision (c) being (Comp. St. Ann. Supp. 1919, § 6309⅘a), in view of article 15 of regulations, defining the term "amount paid for admission," and is not a "charge for the rent of personal property," exempt from an excise tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Charge.]

Petition by the Collector of Internal Revenue, on behalf of the United States, against G. H. Koller and another, to compel respondents to produce for examination their books and records. Motion to quash rule to show cause denied, and rule made absolute.

Robert C. Saunders, U. S. Atty., and J. M. Boyle, Jr., Asst. U. S. Atty., both of Seattle, Wash.

E. M. Farmer, of Seattle, Wash., for defendants.

CUSHMAN, District Judge. The collector of internal revenue petitions for the attachment of the defendants to compel them to produce for examination the books and records kept in connection with their business in conducting a roller skating rink. The petition recites:

"That the above-named defendant G. H. Koller is now and has been at all times herein mentioned the owner and manager of a certain roller skating rink at Seattle, Washington, known as Koller Skating Rink, at 311 University street, and operates said skating rink for the general public, making an admission charge at the door of 9 cents, plus war tax 1 cent, total 10 cents, and makes a further charge of 15 cents for a lady's skate ticket and 25 cents for a gentleman's skate ticket; that the skate ticket entitles the party purchasing same to use the floor of said skating rink, and the said party so using said floor may by procuring said skate ticket use his own personal skates, or may procure skates from the said skating rink without any additional charge."

It is further averred that a demand was made by the collector upon the defendant for the—

"right to examine the records of admission to the building and the records relating to skate rentals; that said demand was refused as to the record of skate rentals by the said defendants."

A motion has been made by defendants to quash the order to show cause why the defendants should not produce their books and records before the collector of internal revenue, or before the court; the ground of the motion being that there are insufficient facts shown in the petition and supporting affidavit to entitle the petitioner to relief.

[1] The effect of the decision in Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 Sup. Ct. 673, 39 L. Ed. 759, was that a tax on the rental of real estate was a direct tax, and, under sections 2 and 9 of article 1 of the Constitution, must, to be legally imposed, be apportioned among the states according to population.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Representatives and direct taxes shall be apportioned among the several states which may be included within this Union, according to their respective numbers. * * *"   Section 2.

"No capitation, or other direct, tax shall be laid, unless in proportion to the census or enumeration hereinbefore directed to be taken."   Section 9.

While not decided, it was rather implied in that decision that the same rule would obtain in case of taxes upon the rental or charge for the use of personal property. Upon rehearing (158 U. S. 601, 15 Sup. Ct. 912, 39 L. Ed. 1108) it was expressly so decided.

In the case of Hylton v. U. S., 3 Dall. 171, 1 L. Ed. 556, the Supreme Court had held, under the Income Tax Act of June 5, 1794 (1 Stat. 373), that a tax on carriages, whether kept for the owner's use or hire, was not a direct tax, but an excise tax. The confusion arising from the holding in the Hylton Case appears to have been caused, in part, on account of its having been badly reported, but that the tax therein upheld was an excise tax was redetermined upon rehearing in the Pollock Case, 158 U. S. at page 625 et seq., 15 Sup. Ct. 912, 39 L. Ed. 1108.

The effect of the decision in Brushaber v. Union Pacific R. Co., 240 U. S. 1, 36 Sup. Ct. 236, 60 L. Ed. 493, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414, is that the Sixteenth Amendment changed the law only to the extent of repealing the constitutional requirement that direct taxes be apportioned among the states according to numbers; that is, the "census or enumeration." As a result of these decisions, the settled law is that rental received from personal property, after receipt, can only be taxed as income, as the same is a direct tax, and is not subject to an excise tax. That this is the law appears to be conceded by the parties to this suit.

[2] Section 800 (a) (1) and (c) of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6309⅝a), provides:

"Sec. 800.   (a) That from and after April 1, 1919, there shall be levied, assessed, collected, and paid, in lieu of the taxes imposed by section 700 of the Revenue Act of 1917—

"(1) A tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place on or after such date, including admission by season ticket or subscription, to be paid by the person paying for such admission.

*    *    *    *    *    *    *    *    *    *

"(c) The term 'admission' as used in this title includes seats and tables, reserved or otherwise, and other similar accommodations, and the charges made therefor."

The parties have narrowed the question involved to the one point of whether the so-called "skate ticket" charge, described in the petition and supporting affidavit, can fairly be said to be rental for personal property, or whether the same is rather a charge for admission to "any place" (the skating floor), imposed in addition to the admission charge to the building or room in which the rink proper is located. It appears to be conceded that, if the charge is rental for skates furnished by defendants to patrons, it can only be taxed as income, and the motion to quash should be granted.

There is no question but that, if the charge designated for a "skate ticket" is, in fact, a charge for admission to the skating floor, then the

receipts are subject to an excise tax within the statute, and the motion to quash should be denied, for the only question raised as to the right to inspect the books and records is based upon the contention that no right exists to tax such a charge, except as income. It appears to the court that the true test to be applied is stated at page 32, art. 15, of "Regulations 43 (Revised), Part 1, Relating to the Tax on Admissions under the Revenue Act of 1918," of the Treasury Department, United States Internal Revenue, as follows:

"The tax is on 'the amount paid for admission to any place.' '*Amount paid for admission*' *means amount necessarily paid because required for admission.* In other words, an amount not required for admission but given voluntarily, before or after admission, is not taxable."

Tested by this rule, the "skating ticket" charge is clearly shown to be, not a charge for skates, but rather a charge for admission to the skating floor, as in dancing. As long as the same charge is made to the person using, or furnishing his own skates, as where the skates are furnished the patron by the defendants, it is more reasonable to conclude that, in order to increase the number of admissions to the skating floor, skates were furnished free to patrons who were not provided with their own. As long as a person is not permitted to enter or be admitted to the skating floor without the payment of this charge, the question of furnishing skates can be put entirely out of view.

The motion to quash will be denied, and the rule made absolute.