## UNITED STATES v. SMITH.

No. 5036 Criminal.

District Court, W. D. Michigan, S. D.

Sept. 18, 1945.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for the United States.

Benjamin T. Smith (in pro. per.) of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

Defendant's motion to quash the information rests upon the claim that the Act upon which the prosecution is based, 26 U.S.C.A. Int.Rev.Code, § 3540(i), is unconstitutional. This Act provides a penalty by fine and imprisonment for use of a motor vehicle before payment of the use tax, and also provides a penalty by fine for using a motor vehicle without having a tax stamp affixed thereto.

Defendant concedes that the tax in question is an excise tax and that Congress had the power to lay it. See Hylton v. United States, 3 U.S. 171, 3 Dall. 171, 1 L.Ed. 556. He urges, however, that by the prescription of penalties for failure to pay the use tax, he is deprived of his liberty without due process of law, in violation of the Fifth Amendment to the Constitution. He contends that Congress has no power to declare the use of a motor vehicle without payment of the tax, a misdemeanor, and that the government must content itself with resort to the vehicle or other assets of the individual by means of civil process for collection of the tax. He also urges that the provision for criminal prosecution authorizes imprisonment for debt and therefore violates the due process clause of the Constitution.

It is elementary that every statute regularly enacted by Congress is presumed to be constitutional, and that no statute is to be declared unconstitutional unless it appears to be so beyond a reasonable doubt. The Constitution clearly vests in Congress the power to tax, and the power to tax includes the power to say what shall be taxed, who shall pay the tax, and what the tax shall be. Larabee Flour Mills Co. v. Nee, D.C., 12 F.Supp. 395.

Judge Cooley, in vol. 1 of his works on Taxation, Third Edition, page 9, says:

"Everything to which the legislative power extends may be the subject of taxation, whether it be person or property, or possession, franchise or privilege, or occupation or right. Nothing but express constitutional limitation upon legislative authority can exclude anything to which the authority extends from the grasp of the taxing power, if the legislature in its discretion shall at any time select it for revenue purposes; and not only is the power unlimited in its reach as to subjects, but in its very nature it acknowledges no limits, and may be carried even to the extent of exhaustion and destruction, thus becoming in its exercise a power to destroy. If the power be threatened with abuse, security must be found in the responsibility of the legislature that imposes the tax to the constituency which must pay it. The judiciary can afford no redress against oppressive taxation, so long as the legislature, in imposing it, shall keep within the limits of legislative authority, and violate no express provision of the constitution. * * *"

The power of Congress to impose penalties for failure to pay taxes, and to prescribe the mode of enforcing payment

has been frequently upheld. See License Tax Cases, 72 U.S. 462, 5 Wall. 462, 18 L. Ed. 497; Nicol v. Ames, 173 U.S. 509, 19 S.Ct. 522, 43 L.Ed. 786.

 The prohibition of the Act against the use of an automobile without payment of the use tax, and the provision for penalties for disobedience have reasonable relation to the collection of the tax, and are therefore within the power of Congress. It is also clear that taxes are not debts, and hence penalties for non-payment, including imprisonment, do not constitute "imprisonment for debt."

 In any event, in consideration of the constitutionality of a statute, all presumptions are in favor of constitutionality, and courts have nothing to do with the wisdom of the law or with the motives which may have actuated its enactment. Young v. City of Ann Arbor, 267 Mich. 241, 255 N.W. 579. Moreover, a trial court should not annul an Act of Congress, unless it is in conflict with some plain mandate of the Constitution, and the determination of constitutionality should generally be left to the appellate courts. Mather v. MacLaughlin, D.C., 57 F.2d 223.

An order will be entered denying defendant's motion to quash.