**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3347
_____

ENERGY TRANSFER L.P.,
                                        Appellant
v.

JOHN J. FICARA, individually and in his capacity as Director, Division of Taxation;
ELIZABETH MAHER MUOIO, individually and in her capacity as New Jersey State
Treasurer Department of the Treasury, State of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-21-cv-03185)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2023
_____

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges*.

(Filed June 7, 2024)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Energy Transfer is a national corporation with just a bit of business in New Jersey. So when the State assessed a partnership filing fee ("PFF") on Energy Transfer, the company sought to enjoin collection. But pay the tax it must, and we will affirm the District Court's order granting the State's motion to dismiss.

## I.

In 2002, New Jersey enacted the Business Tax Reform Act, which imposed the PFF on companies with "any income derived from New Jersey sources." N.J. Stat. Ann. § 54A:8-6(b)(2)(A). The amount due turns on the size and structure of the partnership, capped at $250,000 per year. *See* N.J. Admin. Code § 18:35-11.2; *see also Ferrellgas Partners, L.P. v. Dir., Div. of Tax'n*, No. A-3904-18T1, 2021 WL 115643, at *2 (N.J. Super. Ct. App. Div. Jan. 13, 2021) (per curiam). Energy Transfer's New Jersey operations bring the business within the PFF's ambit, and the total partnership size brings its bill up to the statutory maximum charge. Energy Transfer sued in both state[1] and federal court, arguing that the PFF unfairly burdens companies with significant out-of-state activity in violation of the Commerce Clause and asking the District Court to permanently enjoin its collection.[2] New Jersey moved to dismiss the suit under the Tax

---

[1] Energy Transfer filed four contemporaneous state lawsuits challenging the PFF, all currently stayed while the federal one proceeds.

[2] Energy Transfer is not the first company to contest the PFF's constitutionality. *See, e.g.*, *Targa Res. Partners, L.P. v. Dir., Div. of Tax'n*, No. 010749-2015, 2018 WL 6444399 (N.J. Tax Ct. Dec. 7, 2018) (holding that the PFF did not violate the Commerce Clause); *Ferrellgas Partners*, 2021 WL 115643 (same), *cert denied*, 251 A.3d 760 (N.J. 2021), *and cert. denied*, 142 S. Ct. 1440 (2022).

Injunction Act ("TIA") or for principles of equitable restraint.[3] The District Court granted

the motion, dismissing on comity grounds, and Energy Transfer now appeals.[4]

## II.

The Supreme Court has "long recognized that . . . [federal] courts should adopt a

hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council,*

*Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586 (1995); *see also id.* at 586–87 (surveying

caselaw and legal history surrounding federal courts and challenges to state taxes). For

"[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on

their respective governments, and it is of the utmost importance to all of them that the

modes adopted to enforce the taxes levied should be interfered with as little as possible."

*Dows v. City of Chicago*, 78 U.S. (11 Wall.) 108, 110 (1870). Congress formalized that

principle in 1937, prohibiting federal courts from "enjoin[ing], suspend[ing], or

restrain[ing] the assessment, levy, or collection of any tax imposed by" state law "where

a plain, speedy, and efficient remedy may be had . . . in the courts of such State." *See* Tax

Injunction Act, Pub. L. No. 75-332, ch. 726, § 1, 50 Stat. 738 (1937) (codified as

amended at 28 U.S.C. § 1341). The TIA reflects, rather than restricts, the underlying

comity principles constraining federal judicial involvement in state taxation. *See, e.g.*,

*Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 110 (1981).

---

[3] Sometimes called the "tax comity doctrine."

[4] We have jurisdiction under 28 U.S.C. § 1291. We review an order granting a motion to dismiss de novo and "may affirm on any grounds supported by the record." *Hassen v. Gov't of V.I.*, 861 F.3d 108, 114 (3d Cir. 2017) (quotation mark and citation omitted).

So what is a "tax"? Around the time the TIA became law, the term "tax" was understood broadly, including any "charge" or "pecuniary burden imposed by authority" and synonymous with "levy, duty, toll, [and] assessment." *Tax*, Webster's New International Dictionary 2587 (2d ed. 1942); *see also Taxation*, Webster's New International Dictionary 2587 (2d ed. 1934) ("The term *taxation* covers every conceivable exaction which it is possible for a government to make, whether under the name of a tax, or under such names as rates, assessments, duties, imposts, excise, licenses, fees, tolls, etc.") (citing *Hylton v. United States*, 3 U.S. (3 Dall.) 171 (1796)). In sum, then, a broad swath of revenue-affecting statutes is protected as "state tax administration" in which federal courts should refrain from interfering.[5]

That is the case here. The PFF is a revenue-affecting statute shielded from a federal court injunction. Energy Transfer seeks "federal-court review of commercial matters over which [the State] enjoys wide regulatory latitude," and the suit does not "involve any fundamental right or classification that attracts heightened judicial scrutiny." *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 431 (2010). The business challenged the PFF's collection "to improve [its] competitive position," not as a financially uninterested third party. *Id.* And the PFF is largely a local matter, making state courts "better positioned than their federal counterparts to correct any [constitutional] violation because they are more familiar with state legislative preferences." *Id.* at 431–32. As the District Court correctly concluded, New Jersey's courts are "free to fashion broader

---

[5] And so we need not address the parties' contentions here about whether the PFF is a "tax" or a "fee."

remedies" than the "limited" and extreme "all-or-nothing" injunctive remedies available in federal courts. *Energy Transfer L.P. v. Ficara*, 643 F. Supp. 3d 474, 483 (D.N.J. 2022).

\* \* \*

For these reasons, we will affirm.