## DAVIS v. EDISON ELECTRIC ILLUMINATING CO. OF BOSTON.*
### No. 4399.

District Court, D. Massachusetts.

Jan. 27, 1937.

Edward F. McClennen and Jacob J. Kaplan, both of Boston, Mass., for petitioner.

Frederick Manley Ives (of Johnson, Clapp, Ives & Knight), of Boston, Mass., for respondent.

Stanley Reed, Sol. Gen., of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Paul Freund, J. P. Jackson, F. A. LeSourd, and Arnold Raum, Sp. Assts. to the Atty. Gen., Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., both of Boston, Mass., and Thomas H. Eliot, Gen. Counsel, Social Security Board, of Washington, D. C., for intervening defendants.

SWEENEY, District Judge.

This is a suit in equity in which the petitioner, a stockholder in the respondent corporation, seeks to enjoin the corporation from paying (a) taxes levied by Title VIII of the Social Security Act (sections 801–811 [42 U.S.C.A. §§ 1001–1011]) against the respondent, and (b) taxes levied by the same title against employees of the respondent which is charged with the duty of withholding the said tax from the wages of its employees, and remitting it to the Treasurer of the United States. The Unit-

*Decree reversed 89 F.(2d) 393.

ed States Commissioner of Internal Revenue and the United States Collector of Internal Revenue for the District of Massachusetts have been allowed to intervene as parties·defendant.

### Findings of Fact.

The petitioner is the registered and legal owner of an unknown number of shares of stock of the respondent. The respondent is an employer within the meaning of sections 804 and 802 of the Social Security Act (42 U.S.C.A. §§ 1004, 1002). By section 804 of the act, the respondent is charged with the payment of an excise tax "with respect·to having individuals in [its] employ" in accordance with the table of percentages contained in that section. Section 802 of the act charges the employer with the duty of collecting, by deductions from the wages of employees, an income tax assessed against employees in accordance with the table of percentages set forth in section 801 of the act (42 U.S.C.A. § 1001).

The basis of the petitioner's complaint is that sections 804 and 802 of the Social Security Act are unconstitutional as not being within the powers of the Congress to enact. The petitioner has made representations of the unconstitutionality of the act to the respondent. Nevertheless, the respondent has decided to make the payments as required by the act. The petitioner, alleging that the payments by the corporation are being made or are to be made under an unconstitutional act of Congress, brings this suit to restrain the respondent from making such payment. The intervening defendants, hereinafter referred to as the government, have filed a motion to strike the portions of the petitioner's bill that complain of the tax imposed upon employees by section 802 of Title VIII. The basis for the motion is that, as the respondent is merely an agency for the collection of the taxes assessed against the employees, and is not subject to tax under this section, it has no standing to challenge the validity of that section, and that the petitioner whose rights are derivative from the respondent corporation has no better standing than the corporation.

### Conclusions.

This case has been submitted to the court on the pleadings, the government asking for a dismissal of the action. The petitioner alleges in his bill that the deduction of the tax from the employees' wages will cause unrest amongst them, and thereby result in injury to the corporation. At best this is mere conjecture, and, if threatened, is too remote to consider as a proper basis for the relief asked. It does not appear that the petitioner, or even the corporation, has such a protected legal interest in the collection and the payment of the income taxes assessed against the employees as would entitle them to question the constitutionality of the income tax feature. In Frothingham v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078, the court, in discussing its power to pass on constitutional questions, stated: "We have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act. Then the power exercised is that of ascertaining and declaring the law applicable to the controversy. It amounts to little more than the negative power to disregard an unconstitutional enactment, which otherwise would stand in the way of the enforcement of a legal right. The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." I am of the opinion that the petitioner has not stated such a cause of action as would entitle him to question the validity of the income tax feature of Title VIII (42 U.S.C. A. §§ 1001–1010).

Section 804 of Title VIII (42 U.S.C.A. § 1004) imposes an excise tax upon employers "with respect to having individuals in his [its] employ" based upon a percentage of wages paid by the said employers. Considering this section by itself, and not as it may be related to other titles of the Social Security Act, it is identical with section 901 of Title IX (42 U.S.C.A. § 1101) as a tax-raising measure. Section 901 of Title IX has been held by this court to be a valid exercise of the taxing powers reposed in Congress, complying with the limitation of uniformity, and is a measure to provide for the general welfare of the United States, and is therefore constitutional. See Davis v. Boston & Maine Railroad (D.C.) 17 F.Supp. 97. Everything that this court has said in that case is

equally applicable to section 804 of Title VIII. I therefore rule that the tax laid down by section 804 of Title VIII of the Social Security Act is constitutional.

The contention is made that Titles VIII and II (sections 801–811, 201–210 [42 U.S.C.A. §§ 1001–1010, 401–410a]) should be considered together because Title VIII is the taxing measure to provide the funds to be expended under Title II. The complete answer to this contention is that the various titles of the act are separable (section 1103 of Title XI [42 U.S.C.A. § 1303]). The act makes provision that the funds collected under Title VIII go into the general Treasury of the United States, to be there subject to any and all valid appropriations. If we are to presume that the expenditures under Title II of the act would be held in the future to be beyond the powers of the United States to make, it does not necessarily follow that Title VIII as a tax-raising measure would fail. No such situation is presented here as was presented in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, where the funds collected were earmarked for a particular purpose which was held to be not within the powers of the Congress to regulate. In the present instance, Title VIII is self sufficient as a tax-raising measure, and I am of the opinion, and therefore hold, that it is constitutional. This petitioner has no standing in the present case to question the expenditures of the money raised under Title VIII until such time as the money raised under Title VIII is appropriated for the purpose of Title II, or for any other purpose. We are not to assume that such expenditure will be unconstitutional.

The prayer for an injunction is denied, and the bill is to be dismissed.