[No. 7,755.—In Bank.]
March 7, 1882.

## PEOPLE v. E. MARTIN.

LICENSE TAXES—CONSTITUTIONAL LAW—TAX—DEFINITION.—The license fees imposed by the Political Code were imposed mainly, if not solely, for purposes of revenue and are therefore in effect *taxes* within the meaning of that term as used in §12 Art. xi. of the Constitution. (MCKEE, J. dissenting.)

ID.—ID.—REPEAL OF STATUTE.—Such license taxes being imposed for county purposes are in contravention of the section above referred to and the sections of the Political Code imposing the same are therefore no longer in force. (MCKEE, J., dissenting.)

| 60 | 153 |
| 100 | 272 |
| 60 | 153 |
| d102 | 111 |
| 60 | 153 |
| 106 | 403 |
| 60 | 153 |
| 112 | 70 |
| 60 | 153 |
| 141 | 209 |
| 141 | 211 |
| 60 | 153 |
| 143 | 567 |

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Santa Cruz. LOGAN, J.

*Julius Lee* and *Z. N. Goldsby,* for Appellant.

Section 3360 of the Political Code is repugnant to the provision of Article ix, Section 12, of the Constitution of this State, and is therefore void. Taxes are defined to be burdens or charges imposed by the legislative power of a State upon persons or property to raise money for public purposes, by whatever name they may be called, as tribute, tithe, talliage, impost, duty, gabel, custom, subsidy, aid, supply, excise, or other name. (2 Bouvier Law. Dic. Title Tax; Blackwell on Tax Titles p. 1, 6 John R. 92: 11 John R. 77; *Bleeker* v. *Ballon,* 3 Wend. 263.)

This Court has repeatedly and uniformly declared this cha ge paid for a license to be a "tax" notably in *City of Santa Barbara* v. *Stearns,* 51 Cal. 499. (Cooley on Const. Lim. 201; *Ex parte Hurd,* 49 Cal. 557; *Emery* v. *Bradford,* 26 Id. 75; *Emery* v. *S. F. Gas. Co.,* 28 Id. 345; *People* v. *Raymond,* 34 Id. 492; *Attorney General* v. *Squiers,* 14 Id. 18.)

*W. D. Storey,* for Respondent.

The law under which this action is brought is not repugnant to Section 12 of Article xi. of the Constitution.

1. The word "taxes" in that section is to be understood in the sense usually given to it when found in such connections as it is found in here, and not construed so as to include every possible species of assessment that may be regarded as in some sense a kind of taxation.

But adjudications, as well as reason, fortify the position that the word "taxes," in Section 12 of Article xi. of the Constitution, is not to be construed in the manner contended for by the appellant. (*People* v. *Naglee,* 1 Cal. 232; *People* v. *Coleman,* 4 Id. 46; *People* v. *McCreery,* 34 Id. 448; *State* v. *Poulterer,* 16 Id. 524; *Attorney-General* v. *Squiers,* 14 Id. 19; *Anderson* v. *Doll,* 27 Id. 607–611; *Emery* v. *San Francisco Gas Co.,* 28 Id. 345; *Johnson* v. *Macon,* Rep. Feb. 18, 1880, p. 208.)

ROSS, J.:

This action was commenced under and by virtue of Section 3,360 of the Political Code to recover the amount of a license tax claimed to be due from the defendant by reason of his carrying on the business of selling goods, wares, and merchandise at a fixed place of business in the county of Santa Cruz. The section of the Code mentioned is one of a number of sections relating to licenses, enacted prior to the adoption of the present Constitution, by which the Legislature imposed upon those who should engage in certain kinds of business and occupations in the statute enumerated a certain license tax for the privilege of so engaging. Such exactions are by the statute required to be collected (by suit if necessary, in the name of The People of the State) by the Tax Collector of the county in which the party on whom it is imposed desires to

engage in the business or occupation, and when collected, to be paid by the Tax Collector into the County Treasury for the use of the County General Fund.

By Section 12 of Article xi. of the present Constitution it is declared: "The Legislature shall have no power to impose taxes upon counties, cities, towns, or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

The important question in the case is, whether or not the word "taxes" as used in this section of the Constitution include license taxes; for, if it does, the provisions of the Political Code imposing and providing for the collection of the license tax here in question, are clearly inconsistent with this section of the Constitution, and therefore inoperative by virtue of Section 1 of Article xxii. of the same instrument.

That the license fees imposed by the provisions of the Political Code were so imposed mainly, if not solely, for the purposes of revenue, does not admit of doubt; and where that is the case, they are, in effect, taxes. (Cooley on Taxation, pages 396–7; 2 Dillon on Mun. Corp., Sec 768.) Indeed, the statute itself designates the charge as a license tax. (Political Code, Sec. 3,359.)

But are they "taxes" within the meaning of Section 12 of Article xi. of the Constitution? We are of the opinion that they are. It is clear that that section is not limited to taxes upon *property;* for by its express language the Legislature is prohibited from imposing taxes upon the *inhabitants* of counties, cities, towns, or other public or municipal corporations, as well as upon their *property*, for county, city, town, or other municipal purposes. The defendant is an inhabitant of the county of Santa Cruz, engaged in the business of selling goods, wares, and merchandise. The tax imposed upon him, and which it is proposed to collect, was undoubtedly imposed for county purposes; for, as already observed, the statute authorizing it, required the tax when collected to be paid into the County Treasury for the use of the County General Fund. The power to impose such taxes for such purposes, in our opinion, no longer remains with the Legislature; but the

Constitution expressly gives it the power, by general laws, to vest in the corporate authorities of the counties, cities, towns, or other public or municipal corporations, the power to assess and collect taxes for those purposes.

The taking of the power to impose such taxes from the Legislature and vesting it in the local authorities, is but another of the many evidences to be found in the new Constitution of the intention to bring matters of a local concern home to the people.

Judgment and order reversed.

MORRISON, C. J., and McKINSTRY, THORNTON, MYRICK, and SHARPSTEIN, JJ., concurred.

McKEE, J., dissenting:

I dissent. I think the legislation which is called in question is not obnoxious to the constitutional provisions referred to in the prevailing opinion. The law was passed in exercise of the police power, for the purpose of regulating certain kinds of business and occupations in any town, city or particular locality, in any county of the State. It requires of any one who wishes to engage in such business or occupations to procure a license from the Tax Collector of the county; and it declares that if any one carries on, or attempts to carry on such business without first procuring a license therefor, he shall be amenable to an action for the recovery of the license tax with costs, etc. (Secs. 3,359, 3,360 Political Code.) The license authorized by the law is obtainable upon payment of a fee fixed for that purpose. The fee is called a "license tax," which, when paid, is turned into the County Treasury. As a fee it is not a tax imposed upon the person, or the property, or the business of the payor. No assessment is made upon the property, or the business, or the person of him who carries on, or attempts to carry on a business without procuring a license. The fee is simply an exaction, for the purpose of securing a right; and he who seeks to avail himself of the right must comply with the corresponding duty attached to it by payment of the fee to the authorities of the county, city or town. The fact that the fee is paid into the County Treasury does not make it a revenue tax. It is revenue only so far as to pay the expenses of the county, city or town, for issuing the licenses and supervising the business.