[S. F. No. 15672. In Bank.—June 29, 1936.]

CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. RAY L. RILEY, as Controller, etc., et al., Respondents.

Ray L. Chesebro, City Attorney, and Leon Thomas David and Wm. H. Neal, Assistant City Attorneys (Los Angeles), for Petitioner.

Wm. J. Locke, City Attorney (Alameda), Geo. F. Holen, City Attorney (Anaheim), W. R. Elam, City Attorney (Arcadia), and Albert Mansfield, City Attorney (Belmont), as *Amici Curiae* on Behalf of Petitioner.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondents.

CURTIS, J.—The City of Los Angeles, by this proceeding in *mandamus*, seeks to compel respondent state officials to transfer to the city certain funds collected under the terms of Statutes of 1935, page 1312, and now on deposit in the state treasury to the credit of the Motor Vehicle License Fee Fund, as expressly provided in section 9 (b) of the above-mentioned act. Respondents have refused to make such transfer until the validity of said section of said act has been established and have made their return to the petition by way of general demurrer.

The constitutionality of the act, generally, has been upheld in *Ingels* v. *Riley*, 5 Cal. (2d) 154 [53 Pac. (2d) 939]. In that case, it was also held that the tax imposed by the act is not a property tax but "an excise tax, for revenue purposes, imposed upon the privilege of using the highways for the purpose of operating thereon registered motor vehicles". (5 Cal. (2d) 154 [53 Pac. (2d) 939].)

The act as a whole provides for the imposition of a privilege tax on owners of registered motor vehicles and the collection of the tax by the State Department of Motor Vehicles. By the first section 9 of the act (there are three sections 9 in the statute), it is provided that the money collected shall be deposited in the state treasury to "the credit of the motor vehicle license fee fund". Section 9 (a) appropriates one per cent of the fund to the Department of Motor Vehicles for administrative purposes. Section 9 (b) appropriates twenty-five per cent of the remainder of the fund to the cities and cities and counties of the state on a population basis, and expressly provides that "The moneys so paid shall be expended by the cities and

cities and counties for law enforcement and the regulation and control and fire protection of highway traffic.''

The major question now presented for determination is whether section 9 (b) violates article XI, section 12, of the state Constitution. That section, as amended in 1933, provides:

''Except as otherwise provided in this constitution, the legislature shall have no power to impose taxes upon counties, cities, towns or other public or municipal corporations, or upon the inhabitants or property thereof, for county, city, town, or other municipal purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes.

''All property subject to taxation shall be assessed for taxation at its full cash value.''

There can be no doubt that the prohibitions of this section apply to license and privilege taxes, as well as to property taxes. (*Ex parte Jackson*, 143 Cal. 564 [77 Pac. 457].)

It is contended that, under the authority of *Ex parte Jackson, supra, People* v. *Martin*, 60 Cal. 153, *San Francisco* v. *Liverpool etc. Ins. Co.*, 74 Cal. 113 [15 Pac. 380, 5 Am. St. Rep. 425], and similar cases, the legislature is prohibited from levying the tax herein provided and appropriating the funds so collected to the cities. There cannot be any doubt that the above cases fully establish the principle that the legislature has no power to impose taxes—property, license or privilege—on cities or counties or upon the inhabitants thereof for local purposes. It therefore follows that if the purposes enumerated in the statute are ''local'' or ''municipal'' purposes, as distinguished from ''State'' purposes, the statute, to that extent, would be invalid.

What constitutes a local and what a state purpose is a question not always free from doubt. (See annotation, 46 A. L. R. 609.) There are some functions performed by cities that are both local and state in nature. (*City of Sacramento* v. *Adams*, 171 Cal. 458 [153 Pac. 908]; *City of Oakland* v. *Garrison*, 194 Cal. 298 [228 Pac. 433].) The constitutional provision above quoted does not prohibit state taxation for a state purpose, even though, under some circumstances, the purpose could also be local. To some extent the spheres of operation of the two overlap. In the present case, the purposes designated in the statute are

"law enforcement and the regulation and control and fire protection of highway traffic". There cannot be any reasonable doubt but that those purposes are state in character, within the meaning of the above constitutional provision. In *Bacon Service Corp.* v. *Huss*, 199 Cal. 21, 40 [248 Pac. 235], in passing on the validity of the allocation of certain funds to counties for highway purposes, as one ground of its opinion, it was held "The license taxes here imposed by the legislature are in furtherance of a State purpose for the maintenance of State highways and to extend aid in the maintenance of county highways". (See, also, *County of San Benito* v. *Riley*, 88 Cal. App. 131 [263 Pac. 349].) It has been held that law enforcement, in relation to traffic on the streets of a city, is a state affair. (*Ex parte Daniels*, 183 Cal. 636 [192 Pac. 442, 21 A. L. R. 1172].) In that case, it was held that while the regulation of traffic upon the streets of a city is of special interest to the people of the municipality, nevertheless, such regulation was a state and not a municipal affair. (See, also, *People* v. *County of Marin*, 103 Cal. 223 [37 Pac. 203, 26 L. R. A. 659].) Under such circumstances, it must be held that the purposes enumerated in the statute are state purposes and that the provision of the Constitution here involved is not violated by the allocation of these funds to the cities and to the cities and counties. It seems quite clear that if "law enforcement and the regulation and control . . . of highway traffic" are state purposes, as held in the above cases, then "fire protection of highway traffic" is also a state purpose.

It has been suggested that the tax as a whole is invalid, for the reason that equalization of the value of motor vehicles is not provided for. The contention might be worthy of more extended notice, were the tax here under consideration a property tax. It has been held, however, that the tax is a privilege tax and is not a property tax. (*Ingels* v. *Riley, supra.*) The point is without merit.

None of the other points raised in this proceeding require discussion.

For the foregoing reasons, it is clear that the funds here involved should be transferred to the cities and cities and counties of the state as provided for in said statute.

Let a peremptory writ issue as prayed for.

Shenk, J., Waste, C. J., Seawell, J., Langdon, J., and Thompson, J. concurred.