[Civ. No. 6719.   Third Dist.   Dec. 3, 1942.]

CALIFORNIA INSTITUTE OF TECHNOLOGY (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., Respondent.

Thomas R. Dempsey, Wellman P. Thayer, H. Benjamin Thompson and William L. Kumler for Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Appellant is an educational institution of collegiate grade within the State of California, and not conducted for profit. In 1936 it purchased certain telescope and other equipment outside of California, and brought the same into this state to be used by it exclusively for purposes of education. The State Board of Equalization determined that there was a tax liability of $3,877.24 upon said purchases under the Use Tax Act of 1935, and said amount with interest in the sum of $106.82 was paid by appellant to the state under protest. Thereafter appellant brought suit against respondent state treasurer to recover said amount, and this appeal is from the judgment of the trial court sustaining respondent's demurrer to appellant's complaint.

The sole question to be determined upon this appeal is: Is an educational institution of collegiate grade, within the State of California, not conducted for profit, which purchases and uses tangible personal property exclusively for purposes of education, exempt from the payment of use taxes under the provisions of the Use Tax Act of 1935, and section 1a of article XIII of the Constitution of the State of California? . Section 4 of the Use Tax Act of 1935 (Stats. 1935, p. 1297 [Deering's Gen. Laws, Act 8495a]), provides:

"The storage, use or other consumption in this State of the following tangible personal property is hereby specifically exempted from the tax imposed by this act: . . .

"(b) Property, the storage, use or other consumption of which this State is prohibited from taxing under the Constitution or laws of the United States of America or under the Constitution of this State."

Section 1a of article XIII of the Constitution of the State of California provides:

"Any educational institution of collegiate grade, within the State of California, not conducted for profit, shall hold exempt from taxation its buildings and equipment, its grounds within which its buildings are located, not exceeding one hundred acres in area, its securities and income used exclusively for the purposes of education."

Appellant concedes that under the authority of *Douglas Aircraft Co., Inc.,* v. *Johnson,* 13 Cal.2d 545 [90 P.2d 572], the tax imposed by the Use Tax Act of 1935 is an excise tax and not a property tax. Appellant also concedes that article XIII, section 1, which provides for property taxation in proportion to value, does not apply to the use tax. Appellant does, however, contend most earnestly that the Use Tax is nevertheless a "tax" within the purview of the exemption provided by section 1a of article XIII of the Constitution.

Appellant argues that the word "taxation" as it appears in said section 1a must be taken in its generic sense, and cites decisions of the Supreme Court of the United States and of our own state in which the term "taxes" has been stated to include: 1. Direct taxes; 2. Duties, imposts, and excises; 3. All other classes of an indirect kind. (*Hylton* v. *U. S.,* 3 Dall. (U.S.) 171 [1 L.Ed. 556] ; *City of Madera* v. *Black,* 181 Cal. 306 [184 P. 397] ; *People* v. *Martin,* 60 Cal. 153; *City of Los Angeles* v. *Riley,* 6 Cal.2d 621 [59 P.2d 137, 106 A.L.R. 903].)

We have no quarrel with these authorities, but we believe that the exemption from taxation provided by article XIII, section 1a of the Constitution, to educational institutions of collegiate grade, applies only to direct property taxation. This seems clear to us from the language of the section, which states that such an institution "shall hold exempt from taxation its buildings and equipment, its grounds within which its buildings are located, not exceeding one hundred acres in area, its securities and income used exclusively for the purposes of education." There is nothing in such language which, in our opinion, exempts such an institution from an "excise" or "privilege" tax, concerning which the United States Supreme Court, in the case of *Monamotor Oil Co.* v. *Ray E. Johnson,* 292 U.S. 86, 93 [54 S.Ct. 575, 78 L.Ed. 1141, 1147], in considering the validity of a use tax, stated that:

"The levy is not on property, but upon a specified use of property."

In *Ingels* v. *Riley*, 5 Cal.2d 154 [53 P.2d 939, 103 A.L.R. 1], the question was whether war veterans were entitled to an exemption under article XIII, section 1¼ of the state Constitution, from the provisions of the Motor Vehicle License Fee Act, which provided, in effect, that property of war veterans to the extent of $1000 in value "shall be exempt from taxation." The court said at page 163:

" . . . we hold that the charge here involved is an excise tax, for revenue purposes, imposed upon the privilege of operating motor vehicles on the highways of this state and that, therefore, veterans are not entitled to the exemption provided for by section 1¼ of article XIII of the Constitution that section, by express language, exempting only persons therein mentioned from property taxes."

We believe that the above language is quite applicable to the exemption contained in section 1a of article XIII which provides that educational institutions of collegiate grade "shall hold exempt from taxation" certain specified property. The exemption is solely from direct property taxation and has no application to the use tax, which is an excise tax.

Appellant argues also that it was the intent of the Legislature in proposing said amendment to the Constitution, and of the People in adopting it, that institutions such as appellant should be exempt from all types of taxation. In support of this contention appellant quotes the official argument in favor of Senate Constitutional Amendment No. 15 as presented to the voters of the state for approval at the election of November 31, 1914. ██ While arguments to the voters may be looked to in aid of the construction of doubtful language, yet as said by our Supreme Court in *Fay* v. *District Court of Appeal*, 200 Cal. 522 [254 P. 896] :

"Such aids to the interpretation of a written document while available to the courts are not at all to be considered as controlling, since whatever may have been the intent of the proponents of a particular change in a law must at the last analysis be derived from the language of the proposed enactment purporting to effect such change."

██ We have read said official argument carefully and are unable to agree with appellant that it was the intention of the proponents of section 1a of article XIII, *supra,* to do

other than to relieve colleges not operated for profit from. the payment of general property taxes upon land, not exceeding one hundred acres, its buildings, equipment, securities and income used exclusively for educational purposes. Indeed, in the argument itself we find this language:

"The proposed amendment will not take a dollar from the State Treasury itself, since the State revenues are no longer derived from the general property tax. This amendment merely enables the localities where colleges are situated, and which therefore receive the chief benefit from them, to exempt them from taxation."

It must be borne in mind that this amendment was adopted many years before a tax such as a use tax was considered by our state Legislature, but that a number of educational institutions like Stanford University and Cogswell Polytechnical College had by prior constitutional amendments been exempted from the taxation of their educational "plants," and there was a strong feeling that other educational institutions of collegiate rank, not conducted for profit, should be given similar relief. We think it may be assumed with safety that the proponents of this particular amendment intended· to relieve such colleges from the burden of the property taxes then being levied against their buildings, grounds, and equipment, and were content to leave to the future the granting of exemption from any new forms of taxation.

Our conclusion is that the exemption from taxation provided by article XIII, section 1a of the Constitution of California to educational institutions of collegiate grade applies only to direct property taxation, and therefore does not apply to the taxes assessed under the Use Tax Act of 1935.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.