[Civ. No. 14854.   Second Dist., Div. One.   June 26, 1945.]

EDWARD GLICK, Appellant, v. HUBERT B. SCUDDER, as Real Estate Commissioner, etc., Respondent.

Samuel W. Newman for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

DRAPEAU, J. pro tem.—Petitioner and appellant was for many years a licensed real estate broker in the State of California.   In 1943 the Real Estate Commissioner instituted a proceeding requiring petitioner to show cause why his license as such real estate broker should not be revoked.   In this pro-

ceeding it was found that the petitioner had been president of two corporations which made misrepresentations and false promises, by agents and salesmen, and that petitioner at all times engaged in such conduct. Based upon these findings an order was made revoking petitioner's license. From this order petitioner applied to the superior court for a review, which application is still pending and undetermined. The order revoking the license was entered June 17, 1943.

On May 10, 1944, petitioner filed his application with the Division of Real Estate of the State of California requesting that there be issued to him a real estate broker's license for the fiscal year 1943-44. Hearing was had by the commissioner, evidence was adduced, and on June 20, 1944, an order was made denying this petition.

Thereupon, petitioner applied to the superior court for a writ of review of this latter order and prayed for mandate directing the Real Estate Commissioner to issue him a license. This petition was denied by the superior court for the reason as found that the petitioner did not meet the requirements as to truthfulness, honesty, and good reputation required by section 10152 of the Business and Professions Code.

Petitioner has appealed from this decision upon the ground that there was not sufficient evidence before the Real Estate Commissioner or the superior court to justify denying his application for a broker's license. Petitioner's principal argument is that there is no evidence in the record to substantiate the finding in the first hearing that he had knowledge of the fraud and misrepresentations of the agents of the corporations of which he was president. Whether this be true or not, it is not a matter for determination in this case, inasmuch as there is still pending and undetermined a judicial review of the first hearing.

In the present case the transcript of testimony taken before the commissioner discloses the following:

"Q. Do you recall, Mr. Glick, how many times you visited this Department in connection with complaint matters over the past five years? A. No, I don't.

"Q. Was it several times? A. Oh, yes.

"Q. You were called to this office, were you not, by various deputies on numerous occasions during that time in connection with complaint matters that had come to the Division? A. As an officer of the corporation, yes.

"Q. What degree of supervision did you exercise over the agents of the Desert Club as an officer of that club? A. Well,

I from time to time instructed the salesmen in the course of conduct.

"Q. Did you hold sales meetings? A. I never held sales meetings.

"Q. Did you attend any sales meetings? A. On one or two occasions in the history of our business——very little.

"Q. Was it part of your duty to adjust any complaints that might come to your office, caused by the conduct of your salesmen? A. Whether caused by conduct of our salesmen or not, any complaints that came in to my desk for attention, I would adjust them, yes.

"Q. Did you have any such complaints? A. Personally, to my desk for attention?

"Q. Yes, to your attention. A. No, not very many."

From this testimony the inference may well be drawn that petitioner had knowledge of the criminal frauds practiced by agents of the corporations of which he was president.

It also appeared that the petitioner pleaded *nolo contendere* in a criminal proceeding in the federal court growing out of the transactions of the corporations above-mentioned, was fined $1,000, and placed on probation for a period of five years.

There was substantial evidence before the Real Estate Commissioner reflecting upon the truthfulness, honesty, and reputation of the petitioner to justify his findings, conclusions, and order; as there was also substantial evidence before the superior court to support the judgment denying the petition for a writ of mandate to compel the commissioner to grant him a license. In these cases all that is required is that the commissioner have reasonable grounds to conclude that the applicant does not meet the conditions set forth in the statute. (*McDonough* v. *Goodcell*, 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205]; *Newport* v. *Caminetti*, 56 Cal.App. 2d 557 [132 P.2d 897].)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.