[Civ. No. 3439. Fourth Dist. Oct. 21, 1946.]

THE PEOPLE, Respondent, v. COUNTY OF IMPERIAL, Appellant.

C. G. Halliday, District Attorney, and A. C. Finney, Deputy District Attorney, for Appellant.

Robert W. Kenny, Attorney General, and John L. Nourse and Daniel N. Stevens, Deputies Attorney General, for Respondent.

BARNARD, P. J.—This is an action to recover amounts claimed to be due for sales and use taxes on certain sales and purchases of tangible personal property made by the defendant over a period of several years. The purchases made consisted mostly of books for the county library and the sales consisted of crushed rock and gravel sold to the city of Imperial for road purposes, of wood obtained through county operations and sold to the poor, and of materials and equipment originally purchased for use in constructing and maintaining roads and highways but which had become antiquated or no longer required for public use. The road material and the wood were sold at cost, and all proceeds were paid into the county treasury.

The first two counts of the complaint allege that during a certain period the county purchased, from persons engaged in the business of making such sales, tangible personal property for storage, use or other consumption in California; that the property so purchased was stored, used or otherwise consumed; that the county failed to make a use tax return on these purchases as required by the Use Tax Act (Stats. 1935, p. 1297;

Deering's Gen. Laws, 1937, Act 8495a) ; that the State Board of Equalization, pursuant to the terms of this act, audited the accounts and records and determined the amounts due; and that after due notice the county has failed to pay the same or any part thereof. The third count involving the sales taxes, alleges that the county was engaged in the business of selling at retail certain tangible personal property during the period from August 1, 1933, to June 30, 1940; that the county failed to make sales tax returns on these sales; that the board has proceeded to compute the amounts due in accordance with the provisions of the Retail Sales Tax Act of 1933, as amended; (Stats. 1933, ch. 1020, as amended) and that the county has failed, after due notice, to pay.

In its answer, the county admitted that it purchased the property referred to in the first two counts, and alleged that it had used the same in the exercise and performance of its governmental duties and functions. Answering the third count, the county denied that it ever engaged in the business of selling tangible personal property at retail, but admitted that during these years it had made certain sales of tangible personal property on specific dates and for certain amounts in accordance with exhibits which were attached to the answer. From this list it appears that the county made some 72 sales during this period, the number per year varying from 6 to 15. The respective selling prices varied from a few dollars to as high as $4,600. The answer admitted the failure to file sales and use tax returns, and the failure to pay any part of the sale or use taxes claimed. The answer also alleged that the county was engaged in no business or transactions which came within the purview of the taxing statutes in question, and further alleged that both of these statutes are unconstitutional, as applied to the county, because an intention to make them so applicable is not expressed in the title of the acts. A demurrer was also filed, as to each count of the complaint, on the ground that there was a failure to allege any presentation of the claims in accordance with the requirements of sections 4075 and 4076 of the Political Code.

The plaintiff moved for judgment on the pleadings. This motion and the demurrer were heard together and submitted on briefs. The demurrer was overruled and the motion was granted. Thereafter, a judgment was entered in favor of the plaintiff in the amount sued for and the defendant has appealed.

■ The appellant contends that the demurrer should have been sustained because the complaint failed to allege that claims had been presented as required by section 4075 of the Political Code, and that such a filing was a necessary prerequisite to the commencement of the action. The provisions of the Retail Sales Tax Act of 1933, as amended, and the Use Tax Act of 1935 are entirely inconsistent with the idea that such a suit as this may not be maintained without complying with the requirement thus relied on. Not only do these tax acts place the burden of filing returns and paying the taxes upon the taxpayer, but particular procedure is provided for the collection of such taxes, including the filing of suits. The time allowed in connection with the penalty provisions of these acts is inconsistent with the time given to the board of supervisors in which to act on claims, under the Political Code sections; and the time within which an action may be brought is approximately twice as long as that allowed in cases coming within the Political Code sections. In view of the purpose of these various statutes and of their particular provisions, it must be held that these special taxing statutes control and take priority over the general statutes dealing with the filing of claims in ordinary cases. (*Brill* v. *County of Los Angeles*, 16 Cal.2d 726 [108 P.2d 443].)

It is next contended that the Retail Sales Tax Act of 1933, as amended, and the Use Tax Act of 1935 are invalid and unconstitutional, as against the appellant, in that their subjects, to wit, the imposition of a sales tax and use tax on governmental bodies, is not expressed in their titles. It is argued that it appears from the title of the original Retail Sales Tax Act that the subject and purpose thereof was to impose a sales tax on retailers, meaning any private person or organization engaged in the business of making sales at retail, and that the amendment to the act, in 1935, which made the imposition of the tax applicable to any county, completely failed to make any change in the title which would indicate the new purpose of making governmental agencies subject to the tax. It is further argued that the title to the Use Tax Act of 1935 discloses that the subject thereof was the imposition of an excise tax on persons engaged in the storage, use or other consumption in this state of tangible personal property, but that the purpose to thus tax governmental bodies is not expressed in the title. It is, therefore, argued that these acts, with respect to their application to governmental bodies,

are unconstitutional under section 24 of article IV of the Constitution, since their subjects are not expressed in their titles.

It clearly appears that the subject of the Retail Sales Tax Act is the imposition of a tax for the privilege of selling tangible personal property, and that the subject of the Use Tax Act is the imposition of an excise tax on the storage, use or other consumption in this state of tangible personal property. As said in *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717]:

''The title of an act need not contain either an index or an abstract of its provisions. The constitutional mandate (article IV, sec. 14 [24]) is satisfied if the provisions themselves are cognate and germane to the subject matter designated by the title, and if the title intelligently refers the reader to the subject to which the act applies, and suggests the field of legislation which the text includes.''

And ''The title of an act meets the constitutional requirements if it contains a reasonably intelligible reference to the subject to which the legislation is addressed.'' (*City of Whittier* v. *Dixon*, 24 Cal.2d 664 [151 P.2d 5, 153 A.L.R. 956].) None of the persons who are to pay these taxes are mentioned in the title of either of these acts, and that matter is entirely incidental to the subject and purpose of each of the acts. The subject of each act is sufficiently expressed in its title.

The appellant further contends that it is not a retailer or doing business within the meaning of the Retail Sales Tax Act. The contention thus made is exactly the same, in principle, as that considered in the recent case of *Los Angeles etc. Sch. Dist.* v. *State Bd. of Equalization*, 71 Cal.App.2d 486 [163 P.2d 45]. We are satisfied with the reasoning and conclusions in that case, where the pertinent authorities are considered and distinguished. It cannot be held that the sales here in question were not taxable because they were casual or incidental. (*Bigsby* v. *Johnson*, 18 Cal.2d 860 [118 P.2d 289]; *North Western Pac. R. R.* v. *State Bd. of Equalization*, 21 Cal.2d 524 [133 P.2d 400].) Nor was it necessary that these sales should be made for the purpose of making a profit. (*Union League Club* v. *Johnson*, 18 Cal.2d 275 [115 P.2d 425].) If the sales here in question had been made by any person or organization, other than a governmental body, it could not be held that they were not retail sales within the meaning of the act, and since the provisions of the act are

expressly made applicable to a county the same result must follow.

The same conclusion must be reached with respect to the applicability of the Use Tax Act to the purchases here in question. The circumstances would call for the payment of this tax had these purchases been made by a private individual or organization. (*West Publishing Co.* v. *Superior Court,* 20 Cal.2d 720 [128 P.2d 777].) There can be no difference here where, by the express terms of the statute, its provisions are made applicable to a county.

Finally, the appellant contends that the levy by the state of a sales tax or use tax upon its own political subdivisions "amounts to a levy on public money of the organization so taxed, because not being in business, the county or other organization, in such case, has no income except money raised by taxation which, of course, is public money" and that the imposition of such taxes is, therefore, contrary to public policy, citing *People* v. *Doe,* 36 Cal. 220; *Smith* v. *City of Santa Monica,* 162 Cal. 221 [121 P. 920]. Those cases involved ad valorem taxes on property but it has been held that entirely different principles are applicable to sales and use taxes, which are excise taxes. (*Douglas Aircraft Co., Inc.* v. *Johnson,* 13 Cal.2d 545 [90 P.2d 572] ; *California Inst. of Technology* v. *Johnson,* 55 Cal.App.2d 856 [132 P.2d 61].)

For the reasons given, the judgment is affirmed.

Marks, J., and Griffin, J., concurred.