[Civ. No. 9670. Third Dist. June 3, 1959.]

DEPARTMENT OF PUBLIC HEALTH OF THE STATE OF CALIFORNIA, Petitioner, v. BOARD OF SUPERVISORS OF THE COUNTY OF LAKE et al., Respondents.

Stanley Mosk, Attorney General, B. Abbott Goldberg, Assistant Attorney General, Elizabeth Palmer, and Wiley W. Manuel, Deputy Attorneys General, for Petitioner.

Fredric S. Crump, District Attorney, Pierce Deasy, City Attorney (Jackson and Ione), Geoffrey A. Hughes, City Attorney (Plymouth), Gard Chisholm, City Attorney (Sutter

Creek), A. Caminetti, Jr., District Attorney (Amador), and John G. Hauck, District Attorney (Sutter), for Respondents.

WARNE, J. pro tem.*—The Department of Health of the State of California seeks a writ of mandate to compel respondents, boards of supervisors and city councils, to enact ordinances to provide for the maintenance of a pound system and rabies control program for dogs as provided for in section 1920 of the Health and Safety Code.

By section 1901.2 of the Health and Safety Code (all code section citations hereinafter will refer to the Health and Safety Code unless otherwise stated) the director of the Department of Public Health may declare an area a rabies area "where the existence of rabies constitutes a public health hazard, as found and declared by the director, after consultation with, and the approval of, the regional advisory committee," which shall consist of nine persons and shall include a health officer, a representative of the medical profession, a veterinarian, the mayor of the city having the largest population in the area, the chairman of the board of supervisors of the county having the largest population in the area, and such representatives of the livestock industry, civic, dog owning, and humane groups as may be appointed by the director. Once a rabies area has been declared the licensing of dogs and the maintenance of a pound system and rabies control program must be provided by the proper municipal or county bodies.

For the purposes of enforcement and administration of section 1920, the department adopted a regulation which is now section 2606.4 of title 17 of the California Administrative Code, which sets up certain requirements as to vaccination and licensing, and which requirements are to be followed in administering the act. The regulation provides that vaccination is a prerequisite to licensing and it also provides the interval of time within which vaccination must be had. It further provides for certain reports to be filed with the department, the types of vaccine which must be used, and for confinement of the vaccinated dog for 30 days after the initial injection of vaccine.

On December 2, 1957, the areas involved herein were declared to be rabies areas. On December 2, 1958, the areas were again declared to be rabies areas. Thus, under the provisions of section 1920, the respondents were required to set

---

*Assigned by Chairman of Judicial Council.

up licensing programs and maintain a pound system and a rabies control program. None of the respondents have complied with the requirements of the statute, except the Board of Supervisors of Sutter County. The Supervisors of Lake County have refused to enact any ordinance unless ordered to do so by a court. The other respondents attempt to excuse performance by alleging that they have not refused to comply with the provisions of the section. They assert they are endeavoring to formulate a cooperative plan whereby each of them may comply with the provisions and cooperate with each other, but they have been unable to agree on all of the details of the program. Nevertheless, they question the constitutionality of the statute and the proceedings.

Respondents have demurred generally and specially to the petition and have also filed a return and answer to the alternative writ and petition herein.

All of the respondents contend that no case of rabies has been reported in the area in which they have jurisdiction; that rabies does not exist in the area; and that the health and safety or welfare of the people is not in any way affected or endangered by their refusal to comply with the order of the director. Respondents also contend that no investigation was made as required by section 1902 to determine whether or not the disease exists and to determine the probable area in which the population or animals are endangered; that petitioner did not find and determine upon competent evidence that rabies existed or constituted a public health menace in any of the areas, and that no notice was given to respondents as to the meeting of the regional advisory committee; that no facts or evidence were presented to the regional advisory committee; that no facts or evidence of the existence of rabies were presented to the advisory committee; and that the finding that the areas were rabies areas, or that rabies therein constituted a public health hazard is not true and is not based on facts.

The first claim is that the facts as alleged do not state a cause of action for mandamus. Specifically it is alleged that the petition does not allege compliance with sections 1902-1905 of the code. Section 1902 provides that whenever a case of rabies is reported a preliminary investigation must be made to determine whether or not rabies exists; and if so, the probable area of incidence of the disease. Section 1903 provides that if rabies is found to exist a quarantine shall be declared. Section 1904 provides that following the order of quarantine

a thorough investigation shall be made as to the extent of the disease, the probable number of persons and animals exposed, and the area found to be involved. Section 1905 provides that the department may substitute such regulations as may be deemed adequate for control of the disease for the quarantine. Section 1901.2 provides for the establishment of a rabies area not less than a county as determined by the director within a region where the existence of rabies constitutes a public health hazard, as found and declared by the director, after consultation with, and the approval of, the regional advisory committee. It further provides that a region shall consist of two or more counties as determined by the director. Section 1920 is the licensing section. While it is true that the object sought to be accomplished in each instance is the same, the means resorted to for that purpose in the one instance is different from the means resorted to in the other.

The petition alleges the appointment of the regional advisory committees, that the county of Lake is in region V, the county of Amador and respondent cities are in region VI. The original declaration of the respondent counties as rabies areas, its effective date, and that notice thereof was given respondents is alleged. In connection with the present declaration of the respondent counties as rabies areas, petitioner alleged: ''Because of the continued existence of rabies which has constituted a public health hazard in the three counties, the Director of Public Health after consultation with, and the approval of, the Rabies Regional Advisory Committee of Region V on October 16, 1958, redeclared the County of Lake to be a rabies area and such declaration became effective on December 2, 1958. A true and correct copy of said declaration dated December 1, 1958, addressed to the Board of Supervisors of the County of Lake is attached hereto, marked Exhibit 'B' and is incorporated herein as though fully set forth. The Director of Public Health after consultation with, and the approval of, the Rabies Regional Advisory Committee of Region VI on October 22, 1958, redeclared the Counties of Sutter and Amador to be rabies areas and such declaration became effective on December 2, 1958. A true and correct copy of such declaration dated December 1, 1958, addressed to the various respondents within Region VI is attached hereto, marked Exhibit 'C' and is incorporated herein as though fully set forth.'' The section provides, as hereinabove mentioned, for the declaration of a rabies area wherein ''the exist-

ence of rabies constitutes a public hazard, as *found* and declared by the director, . . .'' (Emphasis added.) The statement in the petition, ''Because of the continued existence,'' implies that an investigation was made. Hence respondents' contention that there is no allegation of the existence of rabies is without merit. The demurrer on the ground that no cause of action is stated is overruled. We have also considered the special demurrers of respondents which contend the complaint is ambiguous, unintelligible and uncertain. These are without merit and are overruled.

Respondents next contend that if the provisions of sections 1901.2 and 1920 are to be considered independent of sections 1902-1904, they are in violation of section 13 of article XI, section 1 of article IV, and article III of the Constitution of the State of California, and more specifically that section 1901.2 is an unlawful delegation of a legislative power to an administrative officer in that no sufficient standard is provided therein to guide the director in determining the existence of rabies. We have concluded that respondents' contention should not be sustained.

Section 1901.2 provides in part: '' 'Rabies area' shall mean any area not less than a county as determined by the director within a region where the existence of rabies constitutes a public health hazard, as found and declared by the director, after consultation with, and the approval of, the regional advisory committee. . . .'' Under the provisions of said section the director merely determines the facts upon which section 1920 becomes operative. Section 1920 clearly sets forth the duty of the governing body of each city, city and county, or county to provide for the maintenance of a pound system and a control program for the purpose of carrying out and enforcing provisions of said section. Clothing the Director of Public Health with the power to find and determine the facts upon which section 1920 became operative did not violate section I of article III of the state Constitution. (*Escobedo* v. *State*, 35 Cal.2d 870 [222 P.2d 1] ; *Dominguez Land Corp.* v. *Daugherty*, 196 Cal. 468, 484-486 [238 P. 703] ; *Brock* v. *Superior Court*, 9 Cal.2d 291, 295 [71 P.2d 209, 114 A.L.R. 127] ; *Olive Proration etc. Committee* v. *Agricultural etc. Committee*, 17 Cal.2d 204, 208 [109 P.2d 918].) Nor does it violate section 1 of article IV of the state Constitution. Further, there is no merit in respondents' contention that section 13 of article XI of the state Constitution is violated. Neither the director nor the regional advisory com-

mittee is given any power to interfere with purely local affairs of the respective cities or counties.

A somewhat similar contention to that of respondents was made in *Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal.2d 620 [91 P.2d 577], where the court passed upon the grant of authority to the director of agriculture to designate a marketing area which he deems necessary or advisable to effectuate the purpose of chapter 10, division IV, of the Agricultural Code and to formulate a stabilization and marketing plan if he finds that such a plan is necessary to accomplish the purposes of the chapter. The authorization was upheld as being controlled by sufficient standards.

Respondents also contend that the "rabies control act," and in particular sections 1901.2 and 1920, is in violation of their constitutional rights because of the lack of notice and opportunity to be heard at some stage of the proceedings.

The answer to this contention, as stated in *Town of Meredith* v. *State Board of Health*, 94 N. H. 123 [48 A.2d 489, 496], is found in *Willis* v. *Wilkins*, 92 N. H. 400, 402 [32 A.2d 321, 322], where it is said: "Boards of health act summarily, and it is the prevailing rule that they 'need not give notice of hearing to any person before they can exercise their jurisdiction for the public welfare, unless the statute under which they are authorized to act expressly so requires.'" This is a sensible and logical rule since the protection of the public health often requires prompt and immediate action. To require that local agencies be given a notice and a hearing before determining that the existence of rabies constituted a public health hazard within the "rabies area" as determined by the director would mean the hazard of the disease would become critical before steps could be taken for the protection of the public against it. Such legislation is designed to protect the public health and therefore is clearly within the police power of the state.

Counties are merely political subdivisions of the state for the purposes of government (*County of Los Angeles* v. *Riley*, 6 Cal.2d 625, 627 [59 P.2d 139, 106 A.L.R. 903]), and municipal corporations are likewise subdivisions of the state, and are part of the machinery by which the state conducts its governmental affairs. (*Johnson* v. *City of San Diego*, 109 Cal. 468-474 [42 P. 249, 30 L.R.A. 178].) The duty imposed under section 1920 is absolute. The local agencies in carrying out state affairs perform a mere ministerial duty. "There is no theory upon which a mere agency of the state has a right

to litigate the right of the state to enforce, through any agency it pleases, . . . rules and regulations for the preservation of the health and comfort of all the people of the state.'' (*State Board of Health* v. *City of Greenville,* 86 Ohio St. 1 [98 N.E. 1019, 1023, Ann.Cas. 1913D 52].) And in *Commonwealth* v. *Town of Hudson,* 215 Mass. 335 [52 N.E.2d 566, 571-572], in an action by the Commonwealth against the town of Hudson and others to require the defendants to provide treatment equipment for chlorinating the water supply of the town of Hudson as ordered by the department of public health of the Commonwealth, the Supreme Judicial Court of Massachusetts said: ''The order in question was plainly a valid exercise of the police power of the Commonwealth. Though made by the State department of public health, it was made under a valid delegation of power by the Legislature, and has the same force as though made by the Legislature itself. There was no constitutional need to give a hearing to the town. The Legislature was dealing with an emergency affecting many water systems throughout the Commonwealth. For the department to hold a hearing in each case would delay needed action and tend to defeat the purpose of the statute. . . . The action of the department was of the very kind contemplated by the statute. The problem was the business of the Commonwealth, and not that of the town of Hudson alone. . . . *The town cannot ask the courts to try the legislative question whether chlorination is needed. . . . Still less has it the right to nullify the order because not convinced of its necessity.* There was never any sufficient reason for the town to doubt the validity of the order or to refuse to obey it.'' (Emphasis added.) The same reasoning applies to the instant case.

 Lastly, respondents contend section 2606.4 of title 17 of the California Administrative Code enlarges the department's authority and exceeds the powers given it by statute. We are convinced that the section is solely for the more efficient and uniform administration of sections 1901.2 and 1920. It is consistent and not in conflict with the statutes and seems reasonably necessary to effectuate the purposes of the statute, i.e., the control of rabies. (Gov. Code, § 11374.)

Let a peremptory writ of mandate issue against all respondents except the Board of Supervisors of the County of Sutter who has already complied with the order.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 29, 1959.