[Civ. No. 19738. First Dist., Div. Three. Jan. 25, 1962.]

COUNTY OF CONTRA COSTA, Plaintiff and Respondent, v. SOCIAL WELFARE BOARD et al., Defendants and Appellants; CASSANDRA JEAN HENDERSON et al., Real Parties in Interest.

Stanley Mosk, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Rudolf H. Michaels, Administrative Adviser, State Department of Social Welfare, for Defendants and Appellants.

John A. Nejedly, District Attorney, Verne H. Pynn and Stanley K. Dodson, Deputy District Attorneys, for Plaintiff and Respondent.

H. Le Roy Cannon for Real Parties in Interest.

SALSMAN, J.—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate which would require the Social Welfare Board of the State of California, hereafter referred to as the board, to set aside its decision ordering the respondent County of Contra Costa, hereafter referred to as the county, to reinstate the Aid to Needy Children grant of Eula L. Henderson for the benefit of her child, Cassandra.

Eula applied to the Social Welfare Department of the county for a grant of assistance on behalf of her daughter Cassandra, and a grant was made by the county. About 15 months after the grant, the county terminated aid insofar as Cassandra was concerned on the ground that Eula had failed to identify the father of Cassandra. The district attorney's office of the county requested that Eula submit to a polygraph examination (commonly called a "lie detector test") to aid in determining the natural paternity of Cassandra. Eula refused, and appealed the county's discontinuance of aid to the

board. This appeal is provided for by Welfare and Institutions Code section 104.1. Hearings were held before a referee of the board and the referee prepared a proposed decision which was later adopted by the board. The decision was that Eula should continue to receive aid for Cassandra and that Eula had cooperated to the best of her ability in identifying the father of Cassandra. From the evidence before him the referee also concluded that Eula's refusal to submit to the polygraph examination did not constitute a refusal to offer reasonable assistance to law enforcement officers, as required by section 1523 of the Welfare and Institutions Code. The county's request for a rehearing was denied.

The county then brought this proceeding. Its petition contains three alleged causes of action, (1) for declaratory relief, praying for a judicial determination that the refusal of Eula to submit to a polygraph examination constituted a refusal to be interviewed by the district attorney and a concealment of the identity of the natural father of Cassandra, (2) a writ of mandate requiring the board to set aside its decision restoring aid for Cassandra, and (3) an injunction restraining the board from giving any effect to its decision ordering restoration of aid for Cassandra. In paragraph VIII of the first cause of action, incorporated by reference in its second and third causes of action, the county alleged that it had presented substantial evidence to the board that Eula was withholding information and failing to cooperate with law enforcement officials of the county, thereby enabling her to secure aid to which neither she nor Cassandra was entitled.

At the time the complaint was filed the county also filed a notice of motion for preliminary injunction, and attached to this motion as an exhibit a copy of the proposed decision of the referee of the board, and a copy of the order of the board adopting the decision.

The board demurred to each cause of action in the petition on the ground that the court had no jurisdiction of the subject matter and that the complaint did not state a cause of action.

The trial court overruled the demurrers of the board, denied the request for the injunction, and on the second alleged cause of action asking for the writ of mandate ordered the matter submitted "on the papers of the applicant." (Code Civ. Proc., § 1094.)

The court then proceeded to make findings of fact and conclusions of law and entered judgment granting the per-

emptory writ. The trial court found that "the clear preponderance of the evidence" indicated that Eula did not cooperate with the County Welfare Department and the district attorney, and that "the findings and conclusions of the board are against the overwhelming weight of the evidence."

We have concluded that the judgment must be reversed, because it is based upon a complaint which does not state a cause of action.

The findings and judgment are based upon the alleged second cause of action in which the county asked for the writ of mandate. Code of Civil Procedure section 1094.5 establishes this procedure and it was a proper method for the county to use in its challenge of the board's decision. (*Brock v. Superior Court,* 109 Cal.App.2d 594 [241 P.2d 283]; *Bodinson Mfg. Co. v. California Emp. Com.,* 17 Cal.2d 321 [109 P.2d 935].) In effect the county's petition challenged the board for an alleged abuse of discretion in that the board's findings and decision were not supported by the evidence received at the hearing. We cannnot accept the state's contention that the county has no right to raise any issue as to the board's decision. As we point out, the only questions which can be raised are issues of law, including the question whether any substantial evidence supports the board's findings. We find no basis for holding that the county, which pays a portion of the outlay, cannot raise these limited issues in a proceeding under section 1094.5.

In overruling the board's demurrer to the second cause of action the court ordered the matter submitted "on the papers of the applicant," as it was authorized to do by Code of Civil Procedure section 1094. No transcript of the hearings before the board was attached to the county's petition or incorporated by reference, and the court properly had before it only the bare petition.

The board's demurrer should have been sustained.

In this proceeding, in order to plead a cause of action ". . . the plaintiff must either attach to the complaint a complete transcript of all the evidence upon which the authority acted . . . or, at the minimum, must allege the substance of all of the evidence which the authority did receive and further aver with particularity the elements, aspects and the principles wherein such evidence, considered in the light of the plaintiffs' contention, supports the conclusion that the authority abused the discretion vested in it. By no other means,

since the averment of naked conclusions adds nothing, can the pleading show that the agency in a case such as this did in fact abuse its discretion. . . .

" . . . In the absence of the evidence an abuse of discretion cannot be shown by mere allegations of what the authority did not do or did not consider. It is what the authority did do upon the evidence which was before it which must be attacked if the attack is to prevail. . . ." (*Faulkner* v. *California Toll Bridge Authority*, 40 Cal.2d 317 [253 P.2d 659].) (See also *Pranger* v. *Break*, 186 Cal.App.2d 551 [9 Cal.Rptr. 293].)

 In making its findings and judgment the court relied upon the admitted allegations of the petition, and considered as evidence the proposed decision of the referee before whom the hearings had been held. This proposed decision was not attached to the county's petition for the writ, and was not incorporated into the petition by reference. The proposed decision was only before the court as an exhibit in the county's separate motion for a preliminary injunction. It was not the evidence taken before the referee, for the evidence was contained in the absent transcript. At most it represented the referee's summation of the evidence, but it could not take the place of the transcript. (*Housman* v. *Board of Medical Examiners*, 84 Cal.App.2d 308 [190 P.2d 653, 192 P.2d 45].)

In considering the proposed decision of the referee as a statement of the evidence before the board, the court proceeded to test the weight of the evidence, and concluded that the weight of the evidence was contrary to the decision of the board, and thereupon granted the writ. The appellant board, however, is a state-wide administrative agency. In a proper case its decision may be reviewed under the administrative mandamus provisions of section 1094.5 of the Code of Civil Procedure. The second alleged cause of action in this case was framed under those provisions of the code.

 It is settled that, where vested rights are concerned the superior court in its review of the administrative agency's record, may weigh the evidence and exercise its own independent judgment thereon. (*Drummery* v. *State Board of Funeral Directors*, 13 Cal.2d 75 [87 P.2d 848]; *Laisne* v. *California State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457]; *Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790 [136 P.2d 304].) It is equally well settled that when the administrative agency does not adjudicate a vested or a

constitutional right, the scope of review in the superior court is limited by the substantial evidence rule, and the decision of the agency must be upheld by the court if there is substantial evidence on the whole record to support it. (*McDonough* v. *Goodcell,* 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205]; *Housman* v. *Board of Medical Examiners,* 84 Cal.App.2d 308 [190 P.2d 653, 192 P.2d 45]; *McDonough* v. *Garrison,* 68 Cal.App.2d 318 [156 P.2d 983]; *Glick* v. *Scudder,* 69 Cal. App.2d 717 [160 P.2d 90]; *Foster* v. *McConnell,* 162 Cal. App.2d 701 [329 P.2d 32]; 3 Witkin, California Procedure, 2484; 2 Cal.Jur.2d 366.) An applicant for public assistance, such as Eula Henderson was in this case, has no vested right to such aid, and the superior court in reviewing the record of the agency's determination, is bound by the substantial evidence rule, and must look to the record to determine if there be substantial evidence therein to support the decision of the agency. (*Bertch* v. *Social Welfare Dept.,* 45 Cal.2d 524 [289 P.2d 485].) The county likewise, as the petitioner for the writ herein, has no vested interest to protect. Its function is to administer the Aid to Needy Children program of public assistance as an agency of the state and for the state's purposes. (*County of Los Angeles* v. *Riley,* 6 Cal.2d 625 [59 P.2d 139, 106 A.L.R. 903]; *Singh* v. *Superior Court,* 44 Cal.App. 64 [185 P. 985]; 1 McQuillin, Municipal Corporations (3d ed.) § 2.46, pp. 495-500.) In reviewing the record of the board upon the petition of the county the court must look to the record presented to it and test that record by the substantial evidence rule. If there is substantial evidence in the whole record to justify the decision of the board then its ruling must be upheld. The court may not make its own independent findings on the evidence. (*Albonico* v. *Madera Irr. Dist.,* 53 Cal.2d 735 [3 Cal.Rptr. 343, 350 P.2d 95].)

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.